# United States Court of Appeals for the Federal Circuit

05-7157

LIZZIE K. MAYFIELD,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

Michael P. Horan, Paralyzed Veterans of America, of Washington, DC, argued for claimant-appellant. With him on the brief were Linda E. Blauhut and William S. Mailander.

Martin F. Hockey, Jr., Senior Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With him on the brief were Peter D. Keisler, Assistant Attorney General and David M. Cohen, Director. Of counsel on the brief were Richard J. Hipolit, Assistant General Counsel and Martie S. Adelman, Staff Attorney, United States Department of Veterans Affairs, of Washington, DC.

Kenneth M. Carpenter, Carpenter, Chartered, of Topeka, Kansas, argued for amicus curiae The Veterans Law Group. On the brief was Mark R. Lippman, The Veterans Law Group, of La Jolla, California.

Appealed from: United States Court of Appeals for Veterans Claims

Judge Jonathan R. Steinberg

# United States Court of Appeals for the Federal Circuit

05-7157

LIZZIE K. MAYFIELD,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED:  April 5, 2006

_____

Before MICHEL, <u>Chief Judge</u>, MAYER, and BRYSON, <u>Circuit Judges</u>.

BRYSON, <u>Circuit Judge</u>.

This case requires us to resolve an issue involving the notification provision of the Veterans Claims Assistance Act of 2000, Pub. L. No. 106-475, § 3(a), 114 Stat. 2096 ("VCAA"), codified at 38 U.S.C. § 5103(a).  Based on various communications between the Department of Veterans Affairs ("VA") and the claimant-appellant, the Board of Veterans Appeals held that the VA had satisfied its obligations under the notification provision.  The Court of Appeals for Veterans Claims ("the Veterans Court") affirmed the Board's decision, but it did so based on a communication other than the ones the Board relied on.  <u>Mayfield v. Nicholson</u>, 19 Vet. App. 103 (2005).  We hold that it was improper for the Veterans Court to affirm the Board based on the court's analysis

of a communication not relied on by the Board. We therefore reverse the court's order and remand for further proceedings.

I

Estey Mayfield, a veteran who served in the U.S. Army during the Second World War, was awarded service connection and a 50 percent disability rating in 1985 for a left-leg injury and varicosities of both legs. He died in 1999 of congestive heart failure due to coronary artery disease. Following Mr. Mayfield's death, his widow Lizzie K. Mayfield filed a claim for dependency and indemnity compensation ("DIC"). In order for her to be eligible for DIC benefits, Mr. Mayfield's death had to be the result of a service-connected disability. See 38 U.S.C. § 1310(a). Mrs. Mayfield alleged that the required causation was established because Mr. Mayfield's veins were in such poor condition that he was unable to undergo a bypass operation to treat his coronary artery disease.

A VA regional office denied Mrs. Mayfield's DIC claim on the ground that the evidence failed to establish any causal relationship between Mr. Mayfield's military service and his death. Mrs. Mayfield filed a notice of disagreement with the regional office's decision, and in June 2000 the regional office issued a Statement of the Case ("SOC") in which the regional office noted that "[n]o medical evidence has been presented which provides a link between the veteran's varicose vein condition and his death." Mrs. Mayfield then filed an appeal with the Board.

In December 2000, the Board remanded Mrs. Mayfield's claim to the regional office for readjudication in light of the recently enacted VCAA. The Board held that a remand was necessary for the VA to comply with the notice and duty-to-assist requirements of the new law. In particular, the Board directed the regional office to

05-7157                                    2

ensure that "the new notification requirements and development procedures contained in sections 3 and 4 of the Act (to be codified as amended at 38 U.S.C. §§ 5102, 5103, 5103A, and 5107) are fully complied with and satisfied." After doing so, the Board directed, the regional office should "readjudicate the issue on appeal," and if "the benefit sought on appeal remains denied, [Mrs. Mayfield and her representative] should be provided with a supplemental statement of the case."

On remand, the regional office sent Mrs. Mayfield a letter dated December 13, 2000, in which it asked that she "identify all VA and non-VA health care providers who have treated the veteran subsequent to service, and particularly any medical treatment rendered to the veteran during the period immediately preceding his death." In response, she submitted forms authorizing Mr. Mayfield's physicians to release his medical records and requesting that the physicians submit any medical evidence relating to his heart condition and his varicose veins, and in particular "any and all medical evidence which would help establish that [he] could not undergo treatment for [his] heart condition because of the severe varicosities of the lower extremities."

On March 15, 2001, the regional office sent Mrs. Mayfield a letter that presumably was intended to serve as the notice required by the VCAA. The letter informed her of the VA's duty to explain what information or evidence the VA needed to grant the benefit she wanted and its duty to assist her in obtaining that information or evidence. The letter then set forth the three requirements that must be satisfied to establish entitlement to service-connected death benefits: (1) the cause of death; (2) an injury, disease or event in service; and (3) a relationship between the cause of death and injury, disease, or event in service. The letter further explained what had been

done to assist her with her claim and what information or evidence the VA still needed from Mrs. Mayfield.

Mrs. Mayfield responded that she "would like a medical opinion" on the likelihood that her husband's service-connected condition of varicose veins "may have contributed to the cause of his death." After the VA obtained Mr. Mayfield's medical records from several sources, a VA physician concluded that it was likely that Mr. Mayfield's death was related to his longstanding smoking and hypertension and that it was not likely that his varicose veins had any effect on the cause of death. In January 2002, the regional office advised Mrs. Mayfield that it was continuing to deny her request for benefits, and it issued a supplemental statement of the case explaining the reasons for its decision denying service connection for the cause of Mr. Mayfield's death.

The case was then returned to the Board, which sustained the regional office's decision denying service connection for the cause of death. With respect to the duty to notify and assist imposed by the VCAA, the Board found that the VA had satisfied those duties in Mrs. Mayfield's case. In discussing that issue, the Board made no reference to the March 15, 2001, letter to Mrs. Mayfield, but instead concluded that the duty of notification was satisfied by the combined contents of three documents that had been sent to Mrs. Mayfield: the December 1999 rating decision that explained the reasons for the denial of Mrs. Mayfield's claim, the June 2000 statement of the case, and the January 2002 supplemental statement of the case, which provided Mrs. Mayfield with what the Board characterized as "the applicable law and regulations pertaining to service connection for the cause of the veteran's death."

Mrs. Mayfield then appealed to the Veterans Court. In a single-judge order issued in March 2004, the court vacated the Board's decision and remanded the matter for readjudication. The court noted that although the Board stated that Mrs. Mayfield and her representative had been advised of the information and evidence necessary to substantiate her claim, there was no evidence in the record that the VA had complied with the regulation implementing the VCAA notification requirement, 38 C.F.R. § 3.159, and in particular the requirement that the VA "request that the claimant provide any evidence in the claimant's possession that pertains to the claim," id. § 3.159(b). Because the claimant "has not had the opportunity to benefit from and react to the notice that the Secretary was and is obligated to provide," the court ruled that "any conclusion by this Court that the appellant is not prejudiced would be pure speculation." Accordingly, "having taken 'due account of the rule of prejudicial error' (38 U.S.C. § 7261(b))," the court remanded the matter for further proceedings.

The VA moved for reconsideration or panel review of the single-judge order. The VA first argued that the court had overlooked the portion of the March 2001 letter to Mrs. Mayfield that advised her that she should "submit any additional evidence that supports your claim for service connection for the cause of your husband's death," and specified the kinds of evidence that she should submit. That language, the VA argued, was sufficient to fulfill the requirement that the VA request that the claimant provide any evidence in her possession that pertains to the claim. Second, the VA argued that the court had failed to take account of the harmless error rule, because it had not required Mrs. Mayfield to show that if the VA had provided the requisite notice, "the outcome below would have been different."

The Veterans Court denied the motion for reconsideration of the single-judge order, but it granted the motion for a panel decision. The panel then issued a lengthy opinion that withdrew the single-judge order and affirmed the decision of the Board. The court noted that the Board had not relied on the March 15, 2001, letter as the basis for its conclusion that the VA had satisfied its obligations under the VCAA. Nonetheless, the court looked to that letter and concluded that the VA had fulfilled its obligations under the statutory notice requirement in 38 U.S.C. § 5103(a) and had substantially fulfilled its obligations under the regulatory notice requirement in 38 C.F.R. § 3.159(b). The court also concluded that Mrs. Mayfield had failed to make a plausible showing that any error by the Board was prejudicial, and that she had therefore failed to demonstrate that the Board erred in finding that the VA fulfilled its statutory content-of-notice obligations in her case. Mrs. Mayfield then appealed to this court.

II

Mrs. Mayfield first argues that the language of 38 U.S.C. § 5103 requires the VA to provide a claimant with a single notice containing all the information referred to in the statute. She contends that there is no authority in the statute permitting the Board of Veterans Affairs or the Veterans Court "to combine, cobble together, or aggregate various VA notices issued over a period of years to support a conclusion that the VA provided [the claimant] with adequate VCAA notice." For that reason, she contends that it was legal error for the Board to look to the information provided in three separate communications—the December 1999 regional office decision, the June 2000 statement of the case, and the January 2002 supplemental statement of the case—as

the basis for finding that the VA had satisfied the notification duty imposed by section 5103(a).

We agree with Mrs. Mayfield that it was improper for the Board to conclude that the VA's notification duty was satisfied by the notice of decision and the two statements of the case that it sent to her between 1999 and 2002.  Section 5103(a), as amended by the VCAA, provides as follows:

> Upon receipt of a complete or substantially complete application, the Secretary shall notify the claimant and the claimant's representative, if any, of any information, and any medical or lay evidence, not previously provided to the Secretary that is necessary to substantiate the claim.  As part of that notice, the Secretary shall indicate which portion of that information and evidence, if any, is to be provided by the claimant and which portion, if any, the Secretary, in accordance with section 5103A of this title and any other applicable provisions of law, will attempt to obtain on behalf of the claimant.

38 U.S.C. § 5103(a).  Subsection (b) of section 5103 provides that information or evidence to be provided by the claimant must be "received by the Secretary within one year from the date of such notice."  Id. § 5103(b).[1]  The VA has promulgated a regulation that effectuates the notification duty of section 5103.  It largely parallels the provisions of section 5103(a), but adds that "VA will also request that the claimant provide any evidence in the claimant's possession that pertains to the claim."  38 C.F.R. § 3.159(b)(2).[2]

---

[1]    This language was added by amendment in 2003.  See Pub. L. No. 108-183, 117 Stat. 2651, 2670 (2003).  When Mrs. Mayfield's claim was remanded to the regional office in 2001, subsection (b) of the statute provided that information or evidence to be provided by the claimant must be "received by the Secretary within one year from the date of such notification" or "no benefit may be paid or furnished by reason of the claimant's application."

[2]    This case was pending before the VA when the VCAA was enacted.  Presumably for that reason, the government has not argued that Section 5103 and 5

The purpose of the statute and the corresponding regulation is to require that the VA provide affirmative notification to the claimant prior to the initial decision in the case as to the evidence that is needed and who shall be responsible for providing it. See Paralyzed Veterans of Am. v. Sec'y of Veterans Affairs, 345 F.3d 134, 1344-45 (Fed. Cir. 2003); 66 Fed. Reg. 45,620, 45,622-23 (Aug. 29, 2001). That duty of affirmative notification is not satisfied by various post-decisional communications from which a claimant might have been able to infer what evidence the VA found lacking in the claimant's presentation. The text of section 5103(b), which refers to the one-year period "from the date of such notice," confirms that Congress envisioned a deliberate act of notification directed to meeting the requirements of section 5103, not an assemblage of bits of information drawn from multiple communications issued for unrelated purposes.

Documents such as the 1999 notice of decision, the 2000 statement of the case, and the 2002 supplemental statement of the case that were sent to Mrs. Mayfield were required by 38 U.S.C. §§ 5104 and 7105 to advise the claimant of the decision rendered on the claim and to facilitate review of that decision. The VA's obligation to provide those communications to the claimant long predated the VCAA. Unlike sections 5104 and 7105, the post-2000 version of section 5103 requires the VCAA notification to be issued prior to the initial decision on the claim, not afterwards. Moreover, the VCAA

C.F.R. § 3.159(b) are inapplicable to the claim. This court has held that the amended version of section 5103 is not retroactively applicable to claims that were before the Veterans Court or this court at the time the VCAA was enacted, see Bernklau v. Principi, 291 F.3d 795, 802-06 (Fed. Cir. 2002); Dyment v. Principi, 287 F.3d 1377, 1384-85 (Fed. Cir. 2002), and the Veterans Court has held that the VCAA applies to claims that were still before the agency at the time the VCAA was enacted, see Pelegrini v. Principi, 18 Vet. App. 112, 119-20 (2004). The regulation was made

notification is required to have different contents from the post-decisional notices, and it is designed for different purposes—to ensure that the claimant's case is presented to the initial decisionmaker with whatever support is available, and to ensure that the claimant understands what evidence will be obtained by the VA and what evidence must be provided by the claimant. The 1999 notice of decision and the two statements of the case did not contain any of the information expressly required by the VCAA notification provision, nor did they provide that information to Mrs. Mayfield prior to the VA's decision on her claim.

This is not to say that VCAA notification must always be contained in a single communication from the VA. The statute and regulation are silent regarding the format to be used for the required notification. What the statute and regulation require is that the claimant be given the required information prior to the VA's decision on the claim and in a form that enables the claimant to understand the process, the information that is needed, and who will be responsible for obtaining that information.

To be sure, the fact that the VCAA was enacted after the regional office's initial decision in this case made strict compliance with the timing aspect of the amended version of section 5103 impossible. The timing problem, however, was cured by the Board's remand following the enactment of the VCAA for a new VCAA notification followed by readjudication of Mrs. Mayfield's claim. In light of that remedial measure, the VA could have substantially complied with the VCAA by issuing a fully compliant section 5103 notification before readjudicating Mrs. Mayfield's claim.

---

applicable to any claim filed before the enactment of the VCAA but not decided by the VA as of that date. See 66 Fed. Reg. 45,620 (Aug. 29, 2001).

05-7157                                                    9

In its 2002 decision, following the remand and the readjudication by the regional office, the Board found that the VA had satisfied the notification requirements of the VCAA. Yet it based that finding not on a predecisional VCAA notification, but on the three post-decisional communications with Mrs. Mayfield—the 1999 notice of decision and the 2000 and 2002 statements of the case. Those notices did not advise Mrs. Mayfield of the information needed to substantiate her claim, nor did they indicate what information the VA would provide and what information she would be responsible for obtaining. Indeed, one of the three communications, the 2002 Supplemental Statement of the Case, even postdated the VA's readjudication decision in January 2002 and therefore was not a predecisional communication even with respect to the readjudication decision.

Significantly, the Veterans Court did not rely on the 1999 notice of decision and the two subsequent statements of the case to hold that the notification requirement of section 5103 was satisfied. Instead, the court looked to the March 15, 2001, letter to Mrs. Mayfield as the basis for its decision that the notification requirement had been satisfied. The court acknowledged that the Board's decision on the notification issue was not based on the March 15, 2001, letter. In fact, the court pointedly stated that the Board had "inexplicably made no reference" to that letter.

The problem with the court's decision is that it violates the longstanding principle of administrative law that a court reviewing an agency decision generally may not sustain the agency's ruling on a ground different from that invoked by the agency. See Sec. & Exch. Comm'n v. Chenery Corp., 318 U.S. 80, 87 (1943) ("The grounds upon which an administrative order must be judged are those upon which the record

discloses that its action was based."); <u>Sec. & Exch. Comm'n v. Chenery Corp.</u>, 332 U.S. 194, 196 (1947) ("[A] reviewing court, in dealing with a determination or judgment which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency.  If those grounds are inadequate or improper, the court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis."); <u>Bivings v. U.S. Dep't of Agric.</u>, 225 F.3d 1331, 1335 (Fed. Cir. 2000) (A court "cannot affirm the agency on a theory that, although supported by the record, was not the basis for the agency's ruling.").  By sustaining the Board's determination that the notification requirement had been satisfied, but basing its ruling on an entirely different ground, the court violated those principles.  The Board's decision was based on an incorrect understanding of the law, specifically that the VCAA statute and regulation permitted compliance through a combination of unrelated pre- and post-decisional communications, and the result under the correct understanding of the law is not a foreordained conclusion.  As such, the Veterans Court should have remanded the case to the Board.

Citing <u>Fleshman v. West</u>, 138 F.3d 1429, 1433 (Fed. Cir. 1998), the government first argues that this case does not present a <u>Chenery</u> problem because there was no dispute as to many of the relevant facts in this case.  It emphasizes that Mrs. Mayfield does not dispute the contents of the March 15, 2001, letter or the fact that she received it.  The government therefore contends that the Veterans Court simply applied 38 U.S.C. § 5103(a) and 38 C.F.R. § 3.159 to the undisputed facts of the case, and thus did not make a "determination or judgment which an administrative agency alone is authorized to make."  <u>Fleshman</u>, 138 F.3d at 1433.  We disagree.  Although there is no

dispute regarding certain historical facts in this case, that does not reduce the question of the agency's compliance with the notice requirements to a mechanical comparison of the language of the March 15, 2001, letter with the text of the statute and regulation. Rather, the question whether the notification given to Mrs. Mayfield complied with the VA's statutory and regulatory obligations depends on an assessment of the particular information provided to Mrs. Mayfield in light of the circumstances of her claim, and turns on what inferences the agency draws from the facts before it. Accordingly, the determination by the Veterans Court that the March 15, 2001, letter to Mrs. Mayfield satisfied the statutory and regulatory notification requirements was a substantially factual determination of the type that should have been made by the agency in the first instance.

The factual character of that inquiry is borne out by prior decisions of the Veterans Court, which have consistently treated the question whether a particular notice is sufficient to satisfy the notification requirements of section 5103 as factual. For example, in Robinette v. Brown, 8 Vet. App. 69, 78 (1995), the court explained that "the Secretary's section 5103(a) obligation depends on the particular facts of the case and the extent to which the Secretary has advised the claimant of the evidence necessary to be submitted with a VA-benefits claim." See also Hicks v. West, 12 Vet. App. 86, 90 (1998); Franzen v. Brown, 9 Vet. App. 235, 238 (1996); Graves v. Brown, 8 Vet. App. 522, 525 (1996).[3] The VA made the same point at the time it issued its regulations

---

[3] Although the cited Veterans Court cases predate the enactment of the VCAA, the change in the statute does not alter the factual nature of the question whether the section 5103 notification is sufficient in a particular case. The pre-2000 version of section 5103(a) contained the core requirement, still found in the post-

05-7157                                    12

corresponding to the VCAA. In comments accompanying the regulations, the agency explained that "the content of VA's notice to the claimant depends on the amount of information and evidence VA already has regarding an individual claim, and cannot precisely be defined by regulation." 66 Fed. Reg. at 45,622.

Importantly, the determination that the March 15, 2001, letter satisfied the VA's notification obligations was made by the Veterans Court in the first instance. It was not predicated on a prior factual determination made by the Board, which did not discuss the March 15, 2001, letter at all. For that reason, this is not a case like Fleshman v. West, in which the Board's underlying findings provided the basis for the decision of the Veterans Court and in which "the Board's underlying findings demonstrate that the agency had already exercised its discretion" with respect to the issue in dispute. 138 F.3d at 1433.

This court's decision in Hensley v. West, 212 F.3d 1255 (Fed. Cir. 2000), presents a closer analogy. In that case, which was decided under the pre-2000 version of section 5103, the Board of Veterans Appeals applied an erroneous principle of law in finding that the veteran's claim was not well grounded. The Veterans Court nonetheless affirmed the VA's denial of benefits based on an analysis of the factual record in the case. This court did not disagree with the Veterans Court's characterization of the ultimate issue of well-groundedness as a question of law. However, the court noted that the issue of well-groundedness involved subsidiary questions of fact, and this court determined that the Veterans Court had engaged in fact-finding in reaching its

---

amendment version, that the Secretary "shall notify the claimant of the evidence necessary to complete the application." 38 U.S.C. § 5103(a) (1994).

conclusion that the veteran's claim was not well grounded. For that reason, this court reversed the Veterans Court and directed it to remand the case to the Board so that the Board could reevaluate whether the veteran had stated a well-grounded claim under the correct legal standards. 212 F.3d at 1264-65. The same analysis applies here to the Veterans Court's determination that the March 15, 2001, letter was sufficient, in light of the circumstances of this case, to provide Mrs. Mayfield with the notification to which she was entitled under the statute and regulation.

The government contends that the Veterans Court's decision was "completely consistent" with that of the Board, because the Board's analysis demonstrates that it would have reached the same result if it had considered the March 15, 2001, letter. The problem with this argument is that, as we have noted, the three documents on which the Board relied were manifestly inadequate as a legal matter to satisfy the statutory and regulatory notification requirements. The fact that the Board found those documents sufficient, and that in light of that erroneous conclusion the Board might well have reached the same conclusion if it had, instead, looked to the March 15, 2001, letter, does not provide a sound basis for the court's decision. To illustrate this point, if the Board had concluded as a legal matter that no notification was required at all, it could confidently be assumed that the Board would have found any form of notification sufficient. But that would not warrant the court's concluding that its decision regarding the March 15, 2001, letter was "completely consistent" with the Board's ruling. Because we have held that the Board's ruling was based on an erroneous understanding of what the statute and regulation required, we must reject as a basis for affirmance the argument that the Veterans Court's decision was consistent with the Board's ruling.

Finally, this case is not one in which we can conclude that there was no violation of the Chenery doctrine on the ground that "it is clear that . . . the agency would have reached the same ultimate result under the court's legal theory." Grabis v. Office of Pers. Mgmt., 424 F.3d 1265, 1270 (Fed. Cir. 2005) (citations and internal quotations omitted); see also Koyo Seiko Co. v. United States, 95 F.3d 1094, 1100-01 (Fed. Cir. 1996) (Chenery doctrine inapplicable if there is no room for the agency to exercise its discretion with respect to issue in question); Sahara Coal Co. v. Office of Workers Comp., 946 F.2d 554, 558 (7th Cir. 1991) ("If the outcome of a remand is foreordained, we need not order one."). While the notice was detailed and clearly designed to comply with the agency's obligations under the VCAA, it is not clear that there would have been no basis for the Board to find fault with the notice. As we have emphasized, whether Mrs. Mayfield received appropriate notice is an issue that should be addressed by the agency in the first instance, under the proper legal standard. That has not yet happened in this case. We therefore hold that the Veterans Court's decision departed impermissibly from the principles of Chenery. Accordingly, we reverse the order of the Veterans Court and remand the case to that court for further proceedings consistent with this opinion.

The parties and amicus curiae in this case have urged that we address and decide issues of broad significance regarding the application of the doctrine of harmless error as applied to veterans claims cases. As our analysis above indicates, however, this case does not call on us to resolve those issues, even though the Veterans Court dealt with them in considerable detail. Instead, this case turns on a much narrower question involving an application of the Chenery doctrine.

The distinction between the two doctrines, as applied to this case, is illustrated by this court's decision in Conway v. Principi, 353 F.3d 1369 (Fed. Cir. 2004). In that case, we held that the harmless error statute for Veterans Court cases, 38 U.S.C. § 7261(b)(2), applies to violations of the notice requirements of section 5103(a), and that the Veterans Court erred when it "refused to consider whether the differences between the notice actually given to [the veteran] and the notice required by section 5103(a) prejudiced [the veteran]." Id. at 1373. Conway did not present a Chenery issue because the Veterans Court did not base its decision as to the sufficiency of the notice on a ground different from the Board's. If the Board in this case had considered the March 15, 2001, notice and found it sufficient, and if the Veterans Court had ruled that the March 15, 2001, notice was insufficient, then this case would have been analogous to Conway and the Veterans Court would have been in a position to decide whether the insufficiency in the notice was prejudicial. The Board, however, did not make any findings at all regarding the March 15, 2001, letter, and yet the Veterans Court's decision was based entirely on that notice. By bypassing the Board's ground of decision and ruling on an alternative ground not addressed by the Board, the Veterans Court violated the principles of Chenery. Accordingly, we remand based on the Chenery issue, and we do not address the broader questions regarding the application of the harmless error doctrine that the parties have urged us to decide.

REVERSED and REMANDED.