HAGEL, Judge,
concurring in part and dissenting in part:
I concur in the opinion of the Court except as to Part A, which addresses Mrs. Prickett’s arguments regarding the Board’s discussion of the Secretary’s duty to notify pursuant to 38 U.S.C. § 5103(a), as amended by the Veterans Claims Assistance Act of 2000. As I will explain below, the recent decision of the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) in Mayfield v. Nicholson, 444 F.3d 1328 (Fed.Cir.2006), compels vacatur of the November 2003 Board decision on appeal and remand of this matter.
In Mayfield, the Federal Circuit held that VA’s duty to notify “is not satisfied by various post-decisional communications from which a claimant might have been able to infer what evidence the VA found *384 lacking in the claimant’s presentation.” Mayfield, 444 F.3d at 1333. In support of that holding, the Federal Circuit reasoned that notice under the Veterans Claims Assistance Act
is required to have different contents from the post-decisional notices, and it is designed for different purposes — to ensure that the claimant’s case is presented to the initial decisionmaker with whatever support is available and to ensure that the claimant understands what evidence will be obtained by the VA and what evidence must be provided by the claimant.

Id.

Here, in determining that the notice provided to Mrs. Prickett was adequate, the Board relied impermissibly, at least in part, on documents that were neither issued prior to the initial adjudication of her claim by the agency of original jurisdiction nor for the purpose of compliance with the Veterans Claims Assistance Act. Indeed, the Board conceded as much, concluding that “discussions in the rating decision, the [Statement of the [C]ase ..., the [Supplemental [Statement of the [Cjase ..., and letters to the appellant informed her of the information and evidence needed to substantiate the claim and complied with the VA’s notification requirements.” R. at 4. The next sentence of its decision, in which the Board began explaining its conclusion that the Secretary had complied with the duty to notify, begins as follows: “The communications, such as a letter from the [regional office] dated in May 2001, provided the appellant with a specific explanation of the type of evidence necessary to substantiate her claim, as well as an explanation of what evidence was to be provided by her and what evidence the VA would attempt to obtain on h[er] behalf.” R. at 4-5 (emphasis added). The Board went on to discuss the May 2001 letter, a June 2003 letter, the August 2001 Statement of the Case, and the February 2002 Supplemental Statement of the Case, before concluding that “[biased on the foregoing, the Board finds that the VA has fully satisfied the duty to inform the appellant.” R. at 5. Hence, the Board made it abundantly clear that it was relying on more than just the May 2001 letter to find that the Secretary had properly discharged his duty to notify.
In concluding to the contrary, the majority determines that the Board’s statement that it was relying on a combination of pre- and postdecisional documents to find compliance with the duty to notify “was not intended as a finding that through various pre- and postdecisional documents section 5103(a) notification had been met.” Ante at 375. Instead, the majority finds the Board’s statement to generally conclude that “through pre- and postdecisional documents, all VA’s notification requirements, not just section 5103(a) notice, had been satisfied.” Id. The majority goes on to declare that the “Board here rendered a factual determination that the May 2001 notification letter alone satisfied VA’s section 5103(a) duty-to-notify requirements.” Id.
I do not agree and, as I noted above, believe that the language referred to in the Board decision reflects that, in finding that the Secretary had properly discharged his duty to notify, the Board relied on post-decisional documents not designed to have complied with section 5103(a). See R. at 4-5. By concluding otherwise, the majority is rewriting the Board decision in order to eliminate the Board’s Mayfield error. That said, I would not necessarily view the Board’s mere reference to noncomplying documents as fatal in every case. Indeed, had the Board articulated clearly that it was relying solely on the May 2001 letter to find compliance with the section 5103(a) *385 notice requirements, I would agree with the majority that the Board’s decision as to notice was not clearly erroneous.
In sum, in eases such as Mrs. Prickett’s, where the Board relies on multiple documents — some of which are postdecisional or are not designed to provide the statutorily required notice — to find compliance with the duty to notify, as the Federal Circuit counseled in Mayfield, the proper recourse is to vacate the Board decision and remand the matter for readjudication on the duty-to-notify issue.[6]

. That is, assuming that the notice error is prejudicial, which I believe it is in this case and most others. My belief stems from the premise that we are not in a position to speculate regarding what the Board on remand would conclude concerning the adequacy of the notice in the absence of documents that violate Mayfield. See 38 U.S.C. § 7261(b)(2); Daniels v. Brown, 9 Vet.App. 348, 353 (1996). Moreover, the Federal Circuit has informed us that whether a claimant has received adequate notice “is an issue that should be addressed by the agency in the first instance, under the proper legal standard." Mayfield, 444 F.3d at 1335. It would therefore be improper for the Court to consider in the first instance whether any remaining documents, standing alone, are sufficient to satisfy VA’s duty.