NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

06-7046

CLIFFORD E. WADDELL,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED:  October 25, 2006

_____

Before BRYSON, <u>Circuit Judge</u>, ARCHER, <u>Senior Circuit Judge</u>, and GAJARSA, <u>Circuit Judge.</u>

PER CURIAM.

Appellant Clifford E. Waddell, a veteran, appeals from a decision of the Court of Appeals for Veterans Claims ("the Veterans Court").  We <u>dismiss</u> the appeal for lack of jurisdiction.

Mr. Waddell was assigned a disability rating of 10% for residual injury to his right knee arising from an in-service accident.  He appealed from the disability rating, and the Board of Veterans' Appeals ruled that a rating in excess of 10% was not warranted.  In the course of its opinion, the Board noted that the Veterans Claims Assistance Act ("VCAA") requires the Department of Veterans Affairs ("DVA") to notify a claimant such as Mr. Waddell of various details, including the evidence necessary to substantiate the

claim and which part of the evidence the VA will attempt to obtain on behalf of the claimant. The Board concluded that Mr. Waddell had received the required notice in various forms, including in a June 2001 letter that "provided detailed information regarding the requirements of the VCAA." In light of the information provided, the Board concluded that Mr. Waddell "has received the notice and assistance contemplated by law, and adjudication of the claim at this juncture poses no risk of prejudice" to him.

Mr. Waddell appealed to the Veterans Court, which affirmed the Board's decision in a one-judge memorandum decision. Most of the court's opinion was directed to Mr. Waddell's claim that the Board erred in holding that he was not entitled to more than a 10% disability rating for his right-knee injury. In the course of its opinion, the court noted that Mr. Waddell's counsel had not asserted "with any degree of specificity, how the [VCAA] notice was defective and how the lack of that notice affected the essential fairness of the adjudication of his claim" (citing Mayfield v. Nicholson, 19 Vet. App. 103, 121 (2005)).

In his brief to this court, Mr. Waddell focuses mainly on the test adopted by the Veterans Court for determining whether a failure to satisfy the VCAA's notification requirements constitutes prejudicial error. The Veterans Court, however, did not hold that there was error in the VCAA notification given to Mr. Waddell. In fact, it pointed out that Mr. Waddell had not even asserted with any specificity that his VCAA notice was defective. Because Mr. Waddell's argument as to the prejudicial-error issue does not point to any aspect of the Veterans Court's decision that is alleged to be based on a misinterpretation of a law or regulation, or on an erroneous rule of law, Mr. Waddell's

2

arguments regarding harmless error in the context of the VCAA's notification requirements are not within this court's appellate jurisdiction. See 38 U.S.C. § 7292(a).

Mr. Waddell also challenges the action of a DVA physician who requested clarification of a medical opinion by another physician while the case was under review before the agency. The Veterans Court held that there was nothing improper in the first physician's requesting and obtaining a clarification of the conclusions reached by the second physician, who had examined Mr. Waddell. Because the court viewed the first physician's actions as being consistent with the pertinent DVA regulations, the court concluded that they "did not violate Mr. Waddell's rights under the VCAA and do not invoke any requirement for an additional medical examination." Mr. Waddell asserts that the action "was prejudicial to the Claimant Appellant as a matter of law."[1]

Mr. Waddell's argument on this point does not include a challenge to the validity or interpretation of any statute or regulation, nor does he challenge the Veterans Court's decision on a rule of law. Instead, his argument is simply that it was improper for the agency physician to seek clarification of the examining physician's opinion, at least in the manner in which that was done in this case. That argument, however, calls for this court to make factual determinations or to apply law to the particular facts of this case, neither of which is within this court's jurisdiction on appeal from decisions of the

---

[1]    In his reply brief, Mr. Waddell makes new arguments under SEC v. Chenery Corp., 318 U.S. 80 (1943), regarding the request for clarification, but arguments made for the first time in a reply brief are not properly before the court, and we therefore do not address them. See Novosteel SA v. United States, 284 F.3d 1261, 1274 (Fed. Cir. 2002). And we find in the reply brief no persuasive arguments based on our opinion in Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006), which we granted Mr. Waddell permission to address in that brief.

3

Veterans Court. <u>See</u> 38 U.S.C. § 7292(a), (d)(2). Mr. Waddell's characterization of his argument as claiming prejudice "as a matter of law" does not avoid this limitation on our jurisdiction; it merely constitutes a claim that under the facts of this case, an adjudicator should find that he was prejudiced. Because we lack jurisdiction to decide that issue, we dismiss that portion of his appeal as well.

06-7046