NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-7325

DOLORES E. PATE,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

Dolores E. Pate, of Philippines, pro se.

William P. Rayel, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, Bryant G. Snee, Assistant Director. Of counsel on the brief were David J. Barrans, Deputy Assistant General Counsel and Jamie L. Mueller, Attorney, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge Alan G. Lance, Sr.

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-7325

DOLORES E. PATE,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED: January 16, 2007

_____

Before LINN, PROST, and JORDAN, <u>Circuit Judges</u>.[*]

PER CURIAM.

Dolores E. Pate appeals a May 19, 2006 decision by the United States Court of Appeals for Veterans Claims ("Veterans Court") denying her recognition as a veteran's surviving spouse for Department of Veterans Affairs ("VA") benefits purposes. Because Ms. Pate fails to state a claim over which this court has jurisdiction, we <u>dismiss</u> her appeal.

---

[*] Honorable Kent A. Jordan, Circuit Judge, United States Court of Appeals for Third Circuit, sitting by designation.

## I. BACKGROUND

Ms. Pate married veteran Louis C. Pate in the Philippines in July 1982. A subsequent ceremony was also held in Arizona in October 1983. Mr. Pate's death in 1984 led to Ms. Pate's filing of an application for dependency and indemnity compensation or death pension with the VA. In her application, Ms. Pate disclosed that her marriage to Mr. Pate was her only marriage, although information appended to her application indicated that she had been married to Juanito Bundang since 1968.

In response to VA queries, Ms. Pate submitted a sworn affidavit that she had been married to Mr. Bundang, who abandoned her in early 1975, and that attempts to find or contact Mr. Bundang since that time had been unsuccessful. She further attested that she married Mr. Pate believing that Mr. Bundang was deceased due to his continuous and uninterrupted absence for more than seven years. Statements by others in the record below, however, contradicted Ms. Pate's affidavit.

In March 2003, the Board of Veterans' Appeals ("Board") concluded that Ms. Pate was not entitled to recognition as a veteran's surviving spouse because her marriage to Mr. Pate was not legally valid and because she was aware of the legal impediment to that marriage due to her prior marriage to Mr. Bundang. This decision was affirmed by the Veterans Court. Ms. Pate appeals that decision to this court. We have jurisdiction over appeals from the Veterans Court pursuant to 38 U.S.C. § 7292.

## II. DISCUSSION

### A.

In reviewing a Veterans Court decision, this court must decide "all relevant questions of law, including interpreting constitutional and statutory provisions" and set

aside any regulation or interpretation thereof "other than a determination as to a factual matter" relied upon by the Veterans Court that is "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or (D) without observance of procedure required by law." 38 U.S.C. § 7292(d)(1) (2006). We review questions of statutory and regulatory interpretation de novo. Summer v. Gober, 225 F.3d 1293, 1295 (Fed. Cir. 2000). Except to the extent that an appeal presents a constitutional issue, this court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

B.

Ms. Pate raises several issues on appeal. Although it is unclear from her submission, Ms. Pate appears to argue that the issuance of a military identification card recognizing her as the spouse of a veteran establishes her status as a surviving spouse, and that by not viewing this fact as dispositive the Veterans Court somehow implicated an issue of statutory or regulatory interpretation. Ms. Pate, however, is incorrect. The determination of whether someone is a surviving spouse for VA benefits is made pursuant to 38 U.S.C. § 103, which states that the legality of marriage for VA purposes is governed by "the law of the place where the parties resided at the time of the marriage or the law of the place were the parties resided when the rights to benefits accrued," 38 U.S.C. § 103(c), and that the validity of the marriage must be "established by evidence satisfactory to the Secretary." 38 U.S.C. § 103(a).

Accordingly, whether a person is the valid spouse of a veteran is a question of fact, see Dedicatoria v. Brown, 8 Vet. App. 441, 443 (1995), and does not involve the validity or interpretation of a statute or regulation. In this case, the Board determined, based on the evidence before it, that Ms. Pate did not qualify as a surviving spouse for VA benefits purposes, and the Veterans Court affirmed. Although Ms. Pate may be unhappy with this factual determination, her appeal raises no issue concerning the validity or interpretation of a statute, regulation, or rule of law relied upon by the Veterans Court that could provide a basis for this court exercising jurisdiction.

In addition, Ms. Pate fails to identify a constitutional claim over which this court could exercise jurisdiction. In fact, Ms. Pate states that she "do[es] not know" if the Veterans Court decided a constitutional issue. Without the identification of such a constitutional claim, this court has no basis to exercise jurisdiction on that ground.

In her submission, Ms. Pate also states that the Veterans Court "failed [to provide] the assistance as provided in Veterans Claim Assistance Act of 2000 [("VCAA")] to establish the validity of relationship as husban[d] and wife." However, the Veterans Court has no duty to assist a claimant pursuant to the VCAA, see, 38 U.S.C. §§ 5102, 5103, 5103A, and Ms. Pate identifies no VCAA provision allegedly violated by the Veterans Court. Moreover, this court does not have the jurisdiction to review the Veterans Court's factual finding regarding whether the VA complied with the statutory and regulatory notice provisions of the VCAA, nor does it possess the jurisdiction to review the factual finding that no additional evidence was available for the record. 38 U.S.C. § 7292(d)(2); see also Mayfield v. Nicholson, 444 F.3d 1328, 1335 (Fed. Cir.

2006).  Accordingly, Ms. Pate again fails to state a claim over which this court has jurisdiction.

Finally, Ms. Pate requests humanitarian aid due to "the high cost of medicines and cost of living."  However, on this issue as well, this court does not possess jurisdiction.  38 U.S.C. § 7292(d)(2).

## III.  CONCLUSION

Because Ms. Pate fails to state a claim over which this Court has jurisdiction, her appeal is dismissed.

No costs.