ON MOTION
RADER, Circuit Judge.

ORDER

The Secretary of Veterans Affairs moves to stay proceedings in the above-captioned appeal pending the court’s disposition of Mlechick v. Nicholson, 2006-7362. Lucien J. Ingrassia opposes and moves to dismiss the Secretary’s appeal. The Secretary opposes the motion to dismiss.* The court considers sua sponte whether summary affirmance of the Court of Appeals for Veterans Claims’ judgment, Ingrassia v. Nicholson, 04-516, 2006 WL 2128621 (Vet. App. 2006), is warranted.
In Mayfield v. Nicholson, 444 F.3d 1328, 1333 (Fed.Cir.2006), we held that:
[T]he duty of affirmative notification [as to the evidence that is needed and who shall be responsible for providing it] is not satisfied by various post-decisional communications from which a claimant might have been able to infer what evidence the VA found lacking in the claimant’s presentation____ [S]ection 5103 requires the VCAA notification to be issued prior to the initial decision on the claim, not afterwards.
In the decision on appeal, the Court of Appeals for Veterans Claims determined that “the Board relied solely on post-deci-sional documents in determining that Mr. Ingrassia received adequate notice under section 5103(a)” thus committing remanda-ble error under Mayfield.
Summary affirmance of a case “is appropriate, inter alia, when the position of one party is so clearly correct as a matter of law that no substantial question regarding *980 the outcome of the appeal exists.” Joshua v. United States, 17 F.3d 378, 380 (Fed. Cir.1994) (summarily affirming the Court of Federal Claims’ dismissal of a complaint). The Court of Appeals for Veterans Claims correctly determined that remand was required pursuant to Mayfield. Thus, because no substantial question exists regarding the outcome of the Secretary’s appeal, the court summarily affirms the judgment of the Court of Appeals for Veterans Claims.
Accordingly,
IT IS ORDERED THAT:
(1) The motion to stay is denied.
(2) The judgment of the Court of Appeals for Veterans Claims is summarily affirmed.
(3) Each side shall bear its own costs.

 We grant the Secretary's motion for an extension of time to file his opposition.