ON MOTION
PER CURIAM.

ORDER

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss Ernest L. Cox’s appeal from the United States Court of Appeals for Veterans Claims’ judgment in Cox v. Nicholson, 04-0558, 2006 WL 3007536 (Vet.App.2006), for lack of jurisdiction. Cox has not responded.
Cox, through counsel, sought review by the Court of Appeals for Veterans Claims of a Board of Veterans’ Appeals decision that denied reopening his service-connection claim for a back disorder. The Court of Appeals for Veterans Claims stated that the sole argument on appeal was whether the Board afforded Cox notice in compliance with the Veterans Claims Assistance Act of 2000. The court held that the Board properly determined that a May 2002 letter provided the necessary notice. Cox appeals to this court.
Under 38 U.S.C. § 7292, this court has limited jurisdiction over appeals from decisions of the Court of Appeals for Veterans Claims. See Forshey v. Principi, 284 F.3d 1335, 1338 (Fed.Cir.2002) (en banc). This court “may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case.” 38 U.S.C. § 7292(d)(2).
In his brief, Cox argues that the Court of Appeals for Veterans Claims did not accurately consider his medical records, which is a factual issue not within our jurisdiction. Further, Cox does not challenge the sole issue decided by the Court of Appeals for Veterans Claims, which was in any event a factual determination over which we would not have jurisdiction. . Mayfield v. Nicholson, 444 F.3d 1328, 1335 (Fed.Cir.2006) (noting that whether a letter satisfied the VCAA notice requirements presents a factual issue). Because Cox fails to raise an issue within our jurisdiction, we must dismiss this appeal.
Accordingly,
IT IS ORDERED THAT:
(1) The Secretary’s motions are granted. The appeal is dismissed.
(2) Each side shall bear its own costs.