SCHOELEN: Judge,
concurring in part and dissenting in part:
I agree that VA is not required to conduct a preadjudicatory analysis of the evidence in its possession prior to the issuance of VCAA notice. See Locklear v. Nicholson, 20 Vet.App. 410, 415-16 (2006). As the Court pointed out in Locklear, the VCAA does not impose a legal obligation on VA to rule on the probative value of information and evidence presented in connection with a claim prior to rendering a decision on the merits of the claim itself. Id. However, the appellant’s argument that she did not receive adequate VCAA notice is not based solely on her contention that VA failed to assess the adequacy of the evidence that she submitted in support of her claim and tailor its notice to address the deficiencies in that evidence. Rather, in her brief, the appellant states: “[N]o-where does the April 2003 letter inform the Appellant of what information, not previously provided, was necessary to substantiate her claim. If additional evidence was necessary to substantiate her claims or if the existing evidence was somehow insufficient, VA should have stated this.” App. Br. at 12 (emphasis added).
The quotation from the appellant’s brief demonstrates that her VCAA argument is premised, in part, on her contention that the April 2003 letter did not comply with the VCAA because it did not notify her of any evidence or information that she had not submitted to VA that was still needed to submit to substantiate her claim. This aspect of her argument is not premised on a contention that VA was required to assess the weight, sufficiency, credibility, or probative value of any evidence submitted in connection with her claim and to notify her of any deficiencies in that evidence. Thus, I respectfully disagree with the majority’s response to this aspect of the appellant’s argument.
The majority takes the position that the appellant was not entitled to more than a general VCAA notice on how to substantiate her DIC claim because neither her application nor the documents attached to it triggered VA’s duty to provide more than general notice. The majority relies too heavily upon a literal reading of Dingess v. Nicholson, 19 Vet.App. 473 (2006), while ignoring the plain language of section 5103(a). In Dingess, the Court made clear that section 5103(a) notice must respond to the particulars of the application for benefits. In this regard, the Court held that an application for benefits that is detailed and raises a specific issue may require VA to provide a detailed VCAA notice. See Dingess 19 Vet.App. at 488-89 (stating where a claimant submits a detailed application for benefits, VA must provide a detailed response). Accordingly, when the wording of a claimant’s application or the evidence attached to it provides detailed information that suggests there is specific information or evidence necessary to resolve an issue relating to elements of a claim, VA must tailor the notice according to the application’s wording. However, there is nothing in the plain language of the statute that suggests that VA’s duty to provide tailored notice is triggered sole *358 ly by the wording of the application and the evidence attached to it.
Section 5103(a) provides, in pertinent part, that “the Secretary shall notify the claimant ... of any information, and any medical or lay evidence, not previously provided to the Secretary that is necessary to substantiate the claim.” (emphasis added). A fundamental canon of statutory construction is that the words of a statute are given “their ordinary, contemporary, common meaning, absent an indication Congress intended them to bear some different import.” Williams v. Taylor, 529 U.S. 420, 431, 120 S.Ct. 1479, 146 L.Ed.2d 435, (2000); Smith v. United States, 508 U.S. 223, 113 S.Ct. 2050, 124 L.Ed.2d 138 (1993) (citing Perrin v. United States, 444 U.S. 37, 42, 100 S.Ct. 311, 62 L.Ed.2d 199 (1979)) (stating that “words [in a statute], unless otherwise defined, will be interpreted as taking their ordinary, contemporary, common meaning”). The word “previously” is defined as “occurring before in time or order; prior.” WebsteR’s New World DICTIONARY 1068 (3d College ed.1988). Here, the action that the statute refers to as occurring prior to the Secretary’s act of providing VCAA notice is the claimant’s submission of evidence or information to the Secretary. The statutory phrase “not previously provided to the Secretary” does not contain any language that indicates that it is limited solely to information or evidence that the claimant provided to the Secretary with his application. The majority’s interpretation of section 5103(a) reads a limitation into the statute that does not exist. The majority does not discuss how the plain language of the statute supports such a construction.
Because the statutory language is broadly worded, it necessarily encompasses any information or evidence that a claimant has submitted in support of his claim prior to the date on which the Secretary provides the claimant VCAA notice. This means that the cognitive review of the claim that VA must make before providing notice requires it to review the application, any evidence attached to it, and any other pertinent information or evidence that is in the record at the time that VA prepares the VCAA notice. It is from this review of the claim and the evidence in support of it that VA must determine whether a general notice is sufficient or whether a tailored notice is required. This interpretation is consistent with the plain meaning of the language and furthers Congress’s underlying purpose in enacting the VCAA, that is, “to facilitate and maximize the collaborative process that is the cornerstone of the VA [nonadversarial] claims process.” Locklear, 20 Vet.App. at 414.
The majority’s view that VA looks only to the application and its attachments when it prepares the VCAA notice to a claimant is particularly troubling in a case such as this, where VA attempted to satisfy the VCAA’s timing requirement that VCAA notification be made prior to the initial adjudication of the claim by issuing the April 2003 letter followed by a read-judication of the claim. See Mayfield v. Nicholson, 444 F.3d 1328, 1333-34 (Fed.Cir.2006) (holding VA may cure VCAA notice timing defects by issuance of a fully compliant VCAA notice followed by re-adjudication of the claim); Prickett v. Nicholson, 20 Vet.App. 370, 376 (2006) (holding same). In such cases, the VCAA notice may be issued long after the claimant has submitted the application and VA has completed the initial adjudication of the claim. Indeed, the record may contain additional evidence or information in support of the claim. It makes no sense, in such cases, that when VA conducts a cognitive view of the claim, it would focus only on the claimant’s application and the documents attached to it, and ignore additional pertinent information or evidence *359 that exists in the record before it. Limiting the universe of documents to the application and its attachments from which VA conducts its cognitive view of the claim undermines the purpose of the VCAA notice, which is to provide the claimant with notice of the evidence that is still needed to substantiate the claim so that the claimant can meaningfully participate in the adjudication of his claim.
In this case, the record before VA at the time that it reviewed the information and evidence presented with the claim to provide the appropriate VCAA notice included the veteran’s death certificate and Dr. Luker’s medical opinion attributing the veteran’s CML to Agent Orange exposure. However, the record did not contain any scientific or medical studies linking CML to Agent Orange exposure. Scientific or medical studies regarding a connection between the claimed disease and exposure to Agent Orange are precisely the type of evidence that would be key to substantiating the elements of the appellant’s DIC claim, particularly in this case where the veteran’s CML was not one of the diseases for which presumptive service connection may be established. Thus, a cognitive view of the evidence submitted in connection with the appellant’s claim would lead to the conclusion that the appellant provided VA with sufficiently detailed information to suggest there was specific information or evidence not previously submitted to VA that was necessary to resolve an issue relating to elements of the appellant’s DIC claim. As such, VA could have tailored the VCAA notice to respond specifically to the claim before it without having to assess the weight, sufficiency, credibility, or probative value of any of the evidence that was submitted in connection with the appellant’s DIC claim. VA could have easily provided the appellant notice that she could substantiate her claim by offering scientific or medical studies linking exposure to Agent Orange to CML. Because the VCAA notice was not appropriately tailored to the claim before VA, I would hold that the Board erred in finding that the VCAA notice was adequate in this case.