ORDER

PER CURIAM.
The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss Daniel E. Hildoer’s appeal from the United States Court of Appeals for Veterans Claims’ judgment in Hildoer v. Nicholson, 05-1626, for lack of jurisdiction. Hildoer has not responded.
Hildoer, through counsel, sought review by the Court of Appeals for Veterans Claims of a Board of Veterans’ Appeals decision that denied his request for service connection for fibromyalgia. The Court of Appeals for Veterans Claims affirmed the Board’s decision, finding that Hildoer did not show that he incurred fibromyalgia in or aggravated by active service, or that it was proximately due to, or aggravated by a service-connected disability. The Court of Appeals for Veterans Claims also determined that Veterans Affairs complied with the notice requirements of the Veterans Claims Assistance Act of 2000 (“VCAA”). Hildoer appeals to this court.
Under 38 U.S.C. § 7292, this court has limited jurisdiction over appeals from decisions of the Court of Appeals for Veterans Claims. See Forshey v. Principi, 284 F.3d 1335, 1338 (Fed.Cir.2002) (en banc). This court “may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case.” 38 U.S.C. § 7292(d)(2).
In his brief, Hildoer argues only that the Court of Appeals for Veterans Claims wrongly found that his fibromyalgia was *261 not related to his service. Hildoer does not challenge the Court of Appeals for Veterans Claims’ finding that Veterans Affairs complied with its notice and process requirements of the VCAA, which, in any event, is a factual determination not within this court’s jurisdiction. Mayfield v. Nicholson, 444 F.3d 1328, 1335 (Fed.Cir.2006) (noting that whether a letter satisfied the VCAA notice requirements presents a factual issue). Because Hildoer fails to raise an issue within our jurisdiction, we must dismiss this appeal.
Accordingly,
IT IS ORDERED THAT:
(1) The Acting Secretary’s motions are granted. The appeal is dismissed.
(2) Each side shall bear its own costs.