NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-7150

ROBERT FIELDS,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

<u>Robert Fields</u>, of Erie, Pennsylvania, pro se.

<u>John S. Groat</u>, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were <u>Gregory G. Katsas</u>, Acting Assistant Attorney General, <u>Jeanne E. Davidson</u>, Director, and <u>Martin F. Hockey, Jr.</u>, Assistant Director. Of counsel on the brief was <u>David J. Barrans</u>, Deputy Assistant General Counsel, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge Bruce E. Kasold

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-7150

ROBERT FIELDS,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 03-1809, Judge Bruce E. Kasold.

_____

DECIDED: October 9, 2008

_____

Before BRYSON, DYK, and PROST, <u>Circuit Judges</u>.

PER CURIAM.

## DECISION

Robert Fields appeals from a decision of the Court of Appeals for Veterans Claims ("the Veterans Court") affirming the decision of the Board of Veterans' Appeals denying Mr. Fields' request for service connection for a psychiatric disability. Because Mr. Fields raises no issue over which this court has jurisdiction, we <u>dismiss</u> Mr. Fields' appeal.

BACKGROUND

In 1993 Mr. Fields filed a claim for service connection for a psychiatric disability, to include paranoid schizophrenia. After extended proceedings regarding Mr. Fields' claim, the Board of Veterans' Appeals ultimately denied the claim in 2003 together with his claim of service connection for sarcoidosis. Although the Board found that the evidence of record supported a finding that Mr. Fields had a psychiatric disability, the Board found insufficient evidence that his disability was related to his service. The Board also concluded that the evidence failed to show service connection for sarcoidosis. Mr. Fields appealed to the Veterans Court, which affirmed. Mr. Fields then filed an appeal to this court, asserting that the Board had erred in finding that the notice requirements of 38 U.S.C. § 5103(a) had been satisfied. We remanded the case to the Veterans Court for further proceedings consistent with our decision in Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006).

On remand, the Veterans Court held that Mr. Fields had not been provided with proper notice because he was not given notice of the information necessary to substantiate his claim for service connection. The court nevertheless ruled that Mr. Fields was not prejudiced by the notice error because he was aware that he needed to submit medical nexus evidence to substantiate his claim. The court reached that conclusion because Mr. Fields had been notified that his claim was denied for a lack of evidence showing a medical nexus between his psychiatric disability and his military service. The court additionally observed that Mr. Fields had in fact submitted evidence in an effort to demonstrate the presence of the required nexus. The court further noted that Mr. Fields was provided with a compensation and pension examination in August

2002 and that following that examination, the medical examiner found no basis for concluding that Mr. Fields' psychiatric disability was service connected.

## DISCUSSION

The sole issue on appeal is whether the Veterans Court committed legal error in finding that the failure by the Department of Veterans Affairs to comply with section 5103(a) was not prejudicial. When notice is defective under section 5103(a), the Secretary can show that the error was not prejudicial by demonstrating (1) that any defect in notice was cured by actual knowledge on the part of the claimant, (2) that a reasonable person could be expected to understand from the notice provided what was needed, or (3) that a benefit could not possibly have been awarded as a matter of law. Sanders v. Nicholson, 487 F.3d 881, 889 (Fed. Cir. 2007), cert. granted, 128 S. Ct. 2935 (2008).

In this case, the Veterans Court concluded from the record that "[i]t would be disingenuous for Mr. Fields to claim that he did not understand that medical nexus evidence was necessary to establish his claim." That is, the court inferred from Mr. Fields' submission of medical nexus evidence and from notifications sent to Mr. Fields regarding the denial of his claim that Mr. Fields knew or should have known that medical nexus evidence was required to substantiate his claim for service connection. In reaching that conclusion, the Veterans Court conducted the inquiry required under Sanders. Mr. Fields does not argue that the Veterans Court misapplied a statute, regulation, or legal rule when it determined that the flaw in the section 5103(a) notification process was not prejudicial. To the extent that Mr. Fields challenges the finding that he knew or should have known what was required to substantiate his claim,

his contention is not within our jurisdiction in reviewing decisions of the Veterans Court. 38 U.S.C. § 7292(d)(2)(A).[1]

Mr. Fields also appears to argue that the decision denying him service connection for sarcoidosis was erroneous. As in the case of his argument regarding the prejudicial effect of the notification error, we lack jurisdiction over that fact-based claim, which appears to reflect simply a disagreement by Mr. Fields with the conclusion reached by the Board after weighing the evidence regarding that claim. Because Mr. Fields' arguments challenge factual determinations made by the Board and the Veterans Court, and do not appear to raise any legal issue that is within our jurisdiction, we dismiss the appeal.

---

[1] Although several cases cited by the Veterans Court stand for the proposition that the burden is on the veteran to show prejudicial error, a proposition that is contrary to our decision in Sanders, the Veterans Court satisfied itself, by reviewing the record on appeal, that "the purpose of the notice was not frustrated." Sanders, 487 F.3d at 889. The court's decision therefore plainly did not turn on the allocation of the burden with regard to showing prejudice.