NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-7141

FRED R. WILLIAMS,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 07-3314, Judge Mary J. Schoelen.

ON MOTION

Before MICHEL, Chief Judge, SCHALL and LINN, Circuit Judges.

PER CURIAM.

## O R D E R

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and dismiss for lack of jurisdiction Fred R. Williams's appeal from a decision of the United States Court of Appeals for Veterans Claims affirming the Board of Veterans' Appeals (Board) decision that denied Williams entitlement to service connection for a right-hip disorder.

Williams served honorably in the U.S. Army from August 1963 to May 1966. He reinlisted in August 1966 and was discharged under dishonorable conditions in July 1967. In October 2002, Williams filed an application for disability benefits, claiming that he currently suffered from a right hip disorder stemming from an injury while he was in service. A Department of Veterans Affairs regional office (RO) issued Williams a letter notifying him of what evidence or information he needed to submit in order to

substantiate his claim. In April 2004, the RO denied Williams's claim for entitlement to service connection for his right-hip disorder. The Board sustained the RO's determination and Williams appealed to the Court of Appeals for Veterans Claims. Williams's sole argument on appeal was that the Secretary failed to satisfy his duty-to-notify requirements pursuant to 38 U.S.C. § 5103(a). The Court of Appeals for Veterans Claims rejected that argument and affirmed. Williams filed an appeal seeking this court's review.

The court's jurisdiction to review decisions of the Court of Appeals for Veterans Claims is limited. See Forshey v. Principi, 284 F.3d 1335, 1338 (Fed. Cir. 2002) (en banc). Under 38 U.S.C. § 7292(a), this court has jurisdiction over rules of law or the validity of any statute or regulation, or an interpretation thereof relied on by the court in its decision. This court may also entertain challenges to the validity of a statute or regulation, and to interpret constitutional and statutory provisions as needed for resolution of the matter. 38 U.S.C. § 7292(c). In contrast, except where an appeal presents a constitutional question, this court lacks jurisdiction over challenges to factual determinations or laws or regulations as applied to the particular case. 38 U.S.C. § 7292(d)(2).

Williams's informal brief raises arguments concerning the merits of his disability claim and his dishonorable discharge. Those arguments were not raised below and are not properly before this court on appeal. We are also without jurisdiction to review the court's § 5103(a) determination, which raises solely issues of fact or application of law to fact and are therefore outside this court's review authority. Mayfield v. Nicholson, 444 F.3d 1328, 1335 (Fed. Cir. 2006). Because we agree with the Secretary that this court lacks jurisdiction, we must dismiss Williams's appeal.

2009-7141

-2-

Accordingly,

IT IS ORDERED THAT:

(1)    The Secretary's motions are granted.

(2)    Each side shall bear its own costs.

FOR THE COURT

DEC 1 7 2009
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

cc:    Fred R. Williams
       Eric Bruskin, Esq.

s19

ISSUED AS A MANDATE:    DEC 1 7 2009
_____

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

DEC 17 2009

JAN HORBALY
CLERK

2009-7141

- 3 -