Carroll R. OLSON, Claimant–
Appellant,

v.

James B. PEAKE, M.D., Secretary of
Veterans Affairs, Respondent–
Appellee.

No. 2008–7042.

United States Court of Appeals,
Federal Circuit.

June 26, 2008.

Before MICHEL, Chief Judge, NEWMAN and LOURIE, Circuit Judges.

ON MOTION

PER CURIAM.

*ORDER*

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(g) and dismiss Carroll R. Olson's appeal from the decision of the United States Court of Appeals for Veterans Claims in *Olson v. Mansfield,* No. 06–0649, 2007 WL 4981420 (Nov. 13, 2007). Olson opposes and moves for leave to file a supplemental brief and for appointment of counsel.

Olson appeals the judgment of the Court of Appeals for Veterans Claims (CAVC) that affirmed the Board of Veterans' Appeals decision denying his claim for compensation for an acquired psychiatric disorder. The CAVC stated that it addressed the only issue raised by counsel for Olson, i.e., whether he received adequate notice under the Veterans Claims Assistance Act. The CAVC affirmed the Board's determination that adequate notice was provided.

In his brief and supplemental brief, Olson does not challenge the determination regarding the adequacy of notice. Instead, he argues that attorneys representing him at the CAVC were ineffective, that he was discriminated against because benefits were denied, that evidence was overlooked, and that he is entitled to benefits. Olson also asserts that unspecified rights under the Eighth and Fourteenth Amendments to the Constitution were violated.

The court's jurisdiction to review decisions of the Court of Appeals for Veterans Claims is limited. *See Forshey v. Principi,* 284 F.3d 1335, 1338 (Fed.Cir.2002) (en banc). Under 38 U.S.C. § 7292(a), this court has jurisdiction over rules of law or the validity of any statute or regulation, or an interpretation thereof relied on by the court in its decision. This court may also entertain challenges to the validity of a statute or regulation, and to interpret constitutional and statutory provisions as needed for resolution of the matter. 38 U.S.C. § 7292(c). In contrast, except where an appeal presents a true constitutional question, this court lacks jurisdiction over challenges to factual determinations or laws or regulations as applied to the particular case. 38 U.S.C. § 7292(d)(2).

Assuming that Olson may raise issues not first raised before the CAVC, *see Forshey,* 284 F.3d at 1338 (general rule preventing consideration of issues not raised to the court below must be applied only upon consideration of all the circum-

stances, including whether the appellant was pro se), the issues raised by Olson may not be considered by this court because they involve only factual determinations outside of this court's jurisdiction. Additionally, the notice issue decided by the CAVC involved a factual determination outside of this court's jurisdiction. *Mayfield v. Nicholson,* 444 F.3d 1328, 1335 (Fed.Cir.2006) (whether notice requirements are satisfied is a factual issue). Olson also asserts there is a constitutional issue, i.e., deprivation of unspecified rights under the Eighth or Fourteen Amendments to the Constitution. However, a mere assertion of a constitutional claim does not confer jurisdiction on this court. *See Helfer v. West,* 174 F.3d 1332 (Fed.Cir. 1999). Nothing in Olson's briefs presents a true constitutional question or any other issue that gives this court jurisdiction. We agree that we must dismiss this appeal for lack of jurisdiction.

Accordingly,

IT IS ORDERED THAT:

(1) The Secretary's motions are granted.

(2) Olson's motion to file a supplemental brief is granted.

(3) Olson's motion for the court to appoint counsel is denied.

(4) Each side shall bear its own costs.