Citation Nr: 1111566 
Decision Date: 03/23/11 Archive Date: 04/05/11

DOCKET NO. 09-15 521 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Portland, Oregon


THE ISSUE

Entitlement to an increased disability evaluation for benign positional vertigo, which is currently rated as 30 percent disabling. 


REPRESENTATION

Veteran represented by: Veterans of Foreign Wars of the United States


WITNESS AT HEARING ON APPEAL

Veteran


ATTORNEY FOR THE BOARD

Christopher McEntee, Counsel 

INTRODUCTION

Please note this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2010). 38 U.S.C.A. § 7107(a)(2) (West 2002).

The Veteran had active service from October 1953 to May 1954. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a September 2007 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Portland, Oregon. At the December 2010 hearing, the matter of an earlier effective date-apparently for the grant of service connection for vertigo-- was raised. It is referred to the RO for appropriate action.

The extraschedular aspect of the Veteran's increased rating claim is addressed in the REMAND portion of the decision below and is REMANDED to the RO via the Appeals Management Center (AMC), in Washington, DC.


FINDINGS OF FACT

1. The Veteran has received the maximum authorized schedular rating for his service-connected vertigo disorder during the entire appeal period. 

2. The evidence of record indicates that the Veteran's service-connected vertigo has caused unusual manifestations affecting employability, which therefore warrants referral for extraschedular consideration.


CONCLUSIONS OF LAW

1. The criteria for a disability evaluation in excess of 30 percent, for the Veteran's service-connected benign positional vertigo have not been met. 38 U.S.C.A. § 1155 (West 2002); 38 C.F.R. § 4.87, Diagnostic Code 6299-6204 (2010).

2. The criteria for referral to the Director, Compensation and Pension Service, for extra-schedular consideration of a claim for unemployability due to service-connected disability are met. 38 U.S.C.A. § 1155 (West 2002); 38 C.F.R. §§ 4.3, 3.321(b) (2010). 


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

In the interest of clarity, the Board will initially discuss whether the claim decided here has been properly developed for appellate purposes. The Board will then address the merits of the claim, providing relevant VA law and regulations, the relevant facts, and an analysis of its decision.

I. Veterans Claims Assistance Act of 2000

The Board must determine whether the claimant has been apprised of the law and regulations applicable to this matter, the evidence that would be necessary to substantiate the claim, and whether the claim has been fully developed in accordance with the Veterans Claims Assistance Act of 2000 (VCAA) and other applicable law. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107 (West 2002).

VA is required to provide notice of the VCAA to a claimant as required by 38 U.S.C.A. § 5103(a) and 38 C.F.R. § 3.159(b)(1). More specifically, VA is required to notify a claimant of the evidence and information necessary to substantiate a claim and whether the claimant or the VA is expected to provide the evidence, and is required to request from the claimant any other evidence in his or her possession that pertains to the claim.

VA provided the Veteran with VCAA notification in January 2007 and July 2007 letters. 38 U.S.C.A. § 5103 and 38 C.F.R. § 3.159. In these letters, the Veteran was informed of the elements of his claim, and of the evidence necessary to substantiate the claim. See Dingess/Hartman v. Nicholson, 19 Vet. App. 473 (2006) and Vazquez-Flores v. Peake, 22 Vet. App. 37 (2008). See also Vazquez-Flores v. Shinseki, 580 F.3d 1270, 1277 (2009). The Veteran was advised of the respective duties of the VA and of the Veteran in obtaining evidence needed to substantiate his claim. VA requested from the Veteran relevant evidence, or information regarding evidence which VA should obtain. Pelegrini v. Principi, 18 Vet. App. 112 (2004). See also 73 Fed. Reg. 23353 (the requirement of requesting that the claimant provide any evidence in his/her possession that pertains to the claim was eliminated by the Secretary [effective May 30, 2008] during the course of this appeal, and this change eliminates the fourth element of notice as required under Pelegrini). And the Veteran was provided with complete VCAA notification prior to the adverse rating decision on appeal. See Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2007) (VCAA notice must be provided to a claimant before the initial unfavorable RO decision). 

VA must also make reasonable efforts to assist the Veteran in obtaining evidence necessary to substantiate the claim for the benefit sought, unless no reasonable possibility exists that such assistance would aid in substantiating the claim. 38 U.S.C.A. § 5103A. The VCAA provides that the assistance provided by the Secretary shall include providing a medical examination or obtaining a medical opinion when such an examination or opinion is necessary, as further defined by statute, to make a decision on the claim. 38 U.S.C.A. § 5103A.

In this matter, the Board finds that VA's duty to assist has been satisfied as well. VA afforded the Veteran the opportunity to appear before one or more hearings to voice his contentions. VA obtained medical records relevant to this appeal. And the Veteran has undergone VA medical examination for his claim. 

In sum, the facts relevant to this appeal have been properly developed and there is no further action to be undertaken to comply with VA's duties to notify or assist the Veteran in this appeal. Therefore, the Veteran has not been prejudiced as a result of the Board deciding his claim here.

II. The Merits to the Claim for Increased Rating

In October 2006, the Veteran claimed service connection for residuals of head trauma. In September 2007, the RO granted service connection for benign positional vertigo, which the RO rated as 10 percent disabling, effective the date of claim. In response to a June 2008 notice of disagreement contesting the assigned rating, the RO issued a statement of the case in April 2009, continuing the assigned 10 percent rating. The Veteran then submitted a timely substantive appeal later in April 2009. 38 C.F.R. § 20.200. In July 2009, the RO increased the assigned disability rating in this matter to 30 percent, effective the date of claim in October 2006. 

In this matter, the Board must review the evidence of record to determine whether a rating in excess of 30 percent has been warranted since the date of claim in October 2006. See Fenderson v. West, 12 Vet. App. 119 (1999) (in cases where the original rating assigned is appealed, consideration must be given to whether a higher rating is warranted at any point during the pendency of the claim). See also 38 U.S.C.A. § 5110; 38 C.F.R. § 3.400.

Disability ratings are determined by applying the criteria set forth in VA's Schedule for Rating Disabilities, which is based on the average impairment of earning capacity. Individual disabilities are assigned separate diagnostic codes. 38 U.S.C.A. § 1155; 38 C.F.R. § 4.1. Where there is a question as to which of two evaluations shall be applied, the higher evaluation will be assigned if the disability picture more nearly approximates the criteria for that rating. Otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7. Any reasonable doubt regarding a degree of disability will be resolved in favor of the Veteran. 38 C.F.R. § 4.3. When the evidence is in relative equipoise, the Veteran is accorded the benefit of the doubt. 38 U.S.C.A. § 5107(b).

In this matter, the RO service connected the Veteran's disorder under DC 6299-6204 of 38 C.F.R. § 4.87. Diagnostic Code (DC) 6299 represents an unlisted disability requiring rating by analogy to one of the disorders rated under the code. See 38 C.F.R. § 4.27. The RO has found the Veteran's symptomatology to be most analogous to benign positional vertigo, which is rated under DC 6204. Under that code, ratings of 10 and 30 percent may be assigned. See 38 C.F.R. § 4.87. As the Veteran has been assigned the highest rating authorized under that DC, for the entire appeal period, an increased rating is not warranted here on a schedular basis. 38 U.S.C.A. § 5110; 38 C.F.R. § 3.400. The record, including the testimony and contentions advanced, do tend to show the presence of an unusual disability as discussed below.

In making this decision, the Board notes that it has reviewed other potentially applicable DCs under 38 C.F.R. § 4.87 that may offer a rating higher than 30 percent (e.g., 60 and 100 percent evaluations for Meniere's Disease). But no other DCs offering a higher rating apply to the symptomatology - dizziness and vertigo due to head trauma - service-connected in this matter. See Schafrath v. Derwinski, 1 Vet. App. 589, 593 (1991). 

As the preponderance of the evidence is against the Veteran's claim, the benefit-of-the-doubt rule does not apply, and the claim must be denied. 38 U.S.C.A. § 5107(b); Gilbert v. Derwinski, 1 Vet. App. 49 (1990).


ORDER

Entitlement to an increased schedular disability evaluation for benign positional vertigo is denied. 

Benign postural vertigo is manifested by an unusual disability picture and warrants referral for extraschedular consideration. To this extent, the appeal is allowed.


REMAND

Since filing his claim in October 2006, the Veteran has undergone three VA compensation examinations for his vertigo disorder. The record also contains the Veteran's lay statements from his December 2010 hearing before the Board, and a lay statement submitted from the Veteran's neighbor, received in July 2008. This evidence indicates that the Veteran's vertigo disorder may cause him to be unemployable due to unpredictable falling. See 38 C.F.R. §§ 3.321, 3.341, 4.16. See Rice v. Shinseki, 22 Vet. App. 447 (2009); Office of the General Counsel Precedent Opinion (VAOPGCPREC) 6-96 (August 16, 1996); VAOPGCPREC 12-2001 (July 6, 2001).

As such, the Board finds that referral for extraschedular consideration is warranted in this matter. See 38 C.F.R. § 3.321 (b)(1) (2010). On remand, the claim should be referred to the Director, Compensation and Pension Services, for consideration of an extraschedular disability. 

Accordingly, the case is REMANDED for the following action:

1. Refer the Veteran's claim to the Director, Compensation and Pension Services, for consideration of an extraschedular disability rating for his service-connected positional vertigo disorder. 

2. If the determination remains adverse to the Veteran, the Veteran and his representative should be provided a supplemental statement of the case, which includes a summary of all pertinent evidence and legal authority, as well as the reasons for the decision. Each should be afforded a reasonable period in which to respond, and the record should then be returned to the Board for further appellate review, as appropriate.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court 





of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2010).



______________________________________________
John E. Ormond, Jr.
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs