Citation Nr: 1206485 
Decision Date: 02/22/12 Archive Date: 03/01/12

DOCKET NO. 09-45 400 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs (VA) Regional Office (RO) 
in San Juan, the Commonwealth of Puerto Rico



THE ISSUE

Entitlement to additional compensation based on the Veteran's spouse being in the need for regular aid and attendance.



REPRESENTATION

Veteran represented by: Sean Kendall, Attorney



ATTORNEY FOR THE BOARD

S. Finn, Counsel



INTRODUCTION

The Veteran had active military service from April 1980 to December 1985.

This claim comes before the Board of Veterans' Appeals (Board) on appeal from an April 2008 rating decision of the RO.


FINDING OF FACT

The Veteran's spouse is not shown to be blind or helpless so as to require regular aid and attendance of another in order to accomplish the daily activities of life or protect herself from any danger and hazard incident to her daily environment.


CONCLUSION OF LAW

The criteria for additional compensation due to the Veteran's spouse needing regular aid and attendance have not been met. 38 U.S.C.A. §§ 1114, 1115, 5103, 5103A, 5107 (West 2002); 38 C.F.R. §§ 3.159, 3.350, 3.351, 3.352 (2011).


REASONS AND BASES FOR FINDING AND CONCLUSION

I. Duties to Notify and Assist

The Veterans Claims Assistance Act of 2000 (VCAA), Pub. L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000) (codified at 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5106, 5107, and 5126 (West 2002 & Supp. 2011)) includes enhanced duties to notify and assist claimants for VA benefits. VA regulations implementing VCAA have been codified, as amended at 38 C.F.R. §§ 3.102, 3.156(a), 3.159, and 3.326(a) (2011).

VCAA notice consistent with 38 U.S.C.A. § 5103(a) and 38 C.F.R. § 3.159(b) must: (1) inform the claimant about the information and evidence not of record that is necessary to substantiate the claim; (2) inform the claimant about the information and evidence that VA will seek to provide; and (3) inform the claimant about the information and evidence that the claimant is expected to provide. 

The Board notes that a "fourth element" of the notice requirement, requesting the claimant to provide any evidence in the claimant's possession that pertains to the claim, was recently removed from the language of 38 C.F.R. § 3.159(b)(1). See 73 Fed. Reg. 23,353-356 (April 30, 2008). However, the VCAA notice requirements may be satisfied if any errors in the timing or content of such notice are not prejudicial to the claimant. Id.

The Veteran was provided notice of VCAA pertaining to special monthly compensation prior to the initial adjudication of his claim. The VCAA letter indicated the types of evidence necessary to substantiate the claim, and the division of responsibility between the Veteran and VA for obtaining that evidence, including the information needed to obtain both his private and VA medical treatment records. Dingess v. Nicholson, 19 Vet. App. 473 (2006); see also Pelegrini v. Principi, 18 Vet. App. 112, 119-20 (2004); see also Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006).

In summary, the pertinent provisions of the VCAA have been satisfied. See 38 U.S.C.A. §§ 5102 and 5103; 38 C.F.R. §§ 3.159(b), 20.1102 (2011).


Analysis

The Veteran's spouse has been diagnosed with Fundus flavimaculatus with associated Stargardt's macular disease. As such, the Veteran is claiming additional compensation based for his spouse based on the need for regular aid and attendance caused by her impairment of visual acuity.

Any Veteran who is entitled to disability compensation at the rates provided in 38 U.S.C.A. § 1114, whose disability is rated not less than 30 percent disabling, and whose spouse is a patient in a nursing home, or helpless or blind, or so nearly helpless or blind as to need or require the regular aid and attendance of another person, is entitled to additional compensation. 38 U.S.C.A. § 1115. 

Under 38 C.F.R. § 3.351(a)(2), additional compensation is payable to a Veteran by reason of the Veteran's spouse being in need of aid and attendance.

Here, the Veteran's service-connected herniated nucleus pulposus at L3-L4, L4-L5 and L5-S1 with lumbar myositis is rated as 40 percent disabling and the service-connected residual laceration scar of the right eye lid is rated at a noncompensable level. Therefore, he meets the initial requirements under this provision.

Under 38 C.F.R. § 3.351(b), the need for aid and attendance means helplessness or being so nearly helpless as to require the regular aid and attendance of another person. The criteria for determining whether such need exists are set forth under 38 C.F.R. § 3.351(c). 

The criteria for establishing the need for aid and attendance include consideration of whether the spouse is blind or is so nearly blind as to have corrected visual acuity of 5/200 or less, in both eyes, or concentric contraction of the visual field to 5 degrees or less; or, whether the spouse is a patient in a nursing home because of mental or physical incapacity; or, whether the spouse has a factual need for aid and attendance. 38 C.F.R. § 3.351(c). 

In determining whether there is a factual need for regular aid and attendance, the following will be considered: whether the spouse is unable to dress or undress herself, or to keep herself ordinarily clean and presentable; whether the spouse requires frequent adjustment of any special prosthetic or orthopedic appliances which by reason of the particular disability could not be done without aid; whether the spouse is unable to feed herself through loss of coordination of upper extremities or through extreme weakness; whether the spouse is unable to attend to the wants of nature; or, whether the spouse's incapacity requires assistance on a regular basis to protect her from the hazards or dangers incident to her daily environment. 

It is not required that all of the disabling conditions enumerated in this paragraph be found to exist before a favorable rating may be made. The particular personal function that the spouse is unable to perform should be considered in connection with her disability as a whole. It is only necessary that the evidence establish that the spouse is so helpless as to need regular aid and attendance, not that there be a constant need. 38 C.F.R. § 3.352(a). 

An individual who is bedridden shall also be considered to require regular aid and attendance. "Bedridden" constitutes a condition that through its essential character actually requires that an individual remain in bed. The fact that a claimant has voluntarily taken to bed or that a physician has prescribed rest in bed for a lesser or greater portion of the day to promote convalescence or cure will not suffice.

The United States Court of Appeals for the Federal Circuit (Federal Circuit) has held that lay evidence is one type of evidence that must be considered, and that competent lay evidence can be sufficient in and of itself. Buchanan v. Nicholson, 451 F.3d 1331, 1335 (Fed. Cir. 2006).

In a December 2007 written statement, an ophthalmologist stated that the Veteran's spouse had fundus flaimaculatus with associated Stargardt's macular disease that was permanent condition and decreased her vision to 20/400 O.U.

A VA examination was conducted in April 2008. The VA examiner noted that the spouse could not drive. Her vision was noted to be 20/400 for the right and left eye. She had severe peripheral constriction with approximately 12 to 15 degrees of central visual field remaining. She was diagnosed as legally blind most likely caused by Stargardt's disease that had progressively worsened since childhood, as well having bilateral cataracts. 

A March 2008 Medical Statement for Aid and Attendance noted that the Veteran's spouse needed nursing home care. However, the physician denied that she needed aid in walking, confinement to bed, assistance in bathing and tending to other hygiene needs. 

In another Medical Statement for Aid and Attendance received in September 2008, the physician stated that "yes" the spouse was able to walk "unaided," but then stated that she was "able to walk inside the home; outside and on the street ha[d] to be aided." (emphasis added). 

The physician also noted that she needed assistance for travel, could not leave home without assistance, and required nursing home care. He further stated that her condition had progressed and worsened involving more lesions that extended to the equator. 

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary of the VA shall give the benefit of the doubt to the claimant. 38 U.S.C.A. § 5107(b); see Gilbert v. Derwinski, 1 Vet. App. 49 (1990). 

The Board finds, based on a careful review of the entire record, that the Veteran's spouse is not shown to be blind or so helpless as to require the regular aid and attendance of another person. 

While the Veteran's spouse is shown to be limited in traveling and leaving her home due to her impaired visual acuity, this limitation per se does not equate with a factual need for aid and attendance. Moreover, she is not shown by the medical evidence to be so helpless as to be prevented from accomplishing the basic activities of daily living without the assistance of another person. 

To the extent that the Veteran's spouse is not shown to have impaired visual acuity of 5/200 or visual fields that are constricted to 5 degrees or less, she not meet the criteria required for a finding of blindness for aid and attendance purposes. 

Finally, on this record, the Veteran's spouse is not shown to be so helpless as to be prevented from protecting herself from the hazards or dangers incident to her daily environment without regular aid and attendance of another person. Specifically, she was noted to be able to walk in the house without assistance. 

Therefore, on this record, the Board concludes that additional compensation is not payable in this case based on the Veteran's spouse being in the need for regular aid and attendance. 


ORDER

Additional compensation based on the Veteran's spouse needing regular aid and attendance is denied.


____________________________________________
STEPHEN L. WILKINS
Veterans Law Judge, 
Board of Veterans' Appeals 


Department of Veterans Affairs