Citation Nr: 1452652 
Decision Date: 11/28/14 Archive Date: 12/02/14

DOCKET NO. 09-50 943 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Los Angeles, California


THE ISSUE

Entitlement to a total disability rating based on individual unemployability (TDIU). 


REPRESENTATION

Veteran represented by: California Department of Veterans Affairs


ATTORNEY FOR THE BOARD

Saira Spicknall, Counsel



INTRODUCTION

The Veteran served on active duty from January 2001 to January 2005.

This matter comes to the Board of Veterans' Appeals (Board) on appeal from an October 2008 rating decision of the Los Angeles, California Department of Veterans Affairs (VA) Regional Office (RO), wherein the RO awarded service connection for posttraumatic stress disorder (PTSD), assigning a 30 percent disability rating, effective April 21, 2008. In July 2013, the Board awarded an initial 50 percent rating for PTSD from April 21, 2008 to September 19, 2009 and remanded the issue of entitlement to an initial disability rating in excess of 50 percent for PTSD from September 20, 2009 for additional development. The Board again remanded the claim in December 2013. In a July 2014 decision, the Board awarded a 70 percent disability rating for PTSD, effective September 20, 2009. As the Board's July 2013 and July 2014 decisions regarding the assignment of ratings for PTSD were not appealed, they are final and therefore, the issue of an increased initial rating for PTSD is no longer on appeal. 

In the July 2014 decision, the Board also found that a TDIU claim was inferred as a component of the increased rating claim for PTSD on appeal and remanded the claim for TDIU for additional development. Rice v. Shinseki, 22 Vet. App. 447, 454-55 (2009). 
April 21 2008 to September 19, 2009
This claim has been wholly processed using the Virtual VA and Veterans Benefits Management System (VBMS) paperless claims processing systems.


FINDING OF FACT

The probative evidence does not demonstrate that the Veteran's service-connected disabilities prevent him from securing and following substantially gainful employment. 


CONCLUSION OF LAW

The criteria for a TDIU are not met. 38 U.S.C.A. § 1155 (West 2002); 38 C.F.R. §§ 3.340, 3.341, 4.15, 4.16, 4.18 and 4.19 (2014).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

VCAA notice consistent with 38 U.S.C.A. § 5103(a) and 38 C.F.R. § 3.159(b) must: (1) inform the claimant about the information and evidence not of record that is necessary to substantiate the claim; (2) inform the claimant about the information and evidence that VA will seek to provide; and (3) inform the claimant about the information and evidence that the claimant is expected to provide. 38 C.F.R. § 3.159(b)(1) (2014). To the extent possible, VCAA notice, as required by 38 U.S.C.A. § 5103(a) (West 2002), must be provided to a claimant before an initial unfavorable decision on a claim for VA benefits. Pelegrini v. Principi, 18 Vet. App. 112 (2004); see also Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006).

The duty to notify was satisfied by way of a September 2014 letter sent to the Veteran. See Dingess v. Nicholson, 19 Vet. App. 473 (2006); see also Mayfield and Pelegrini, both supra. VA also has a duty to assist the Veteran in the development of the claims. This duty includes assisting the Veteran in the procurement of VA Form 21-8940, Application for Increased Compensation Based on Unemployability (per the September 2014 VCAA letter), and pertinent treatment records and providing an examination when necessary. 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159. Unfortunately, the Veteran failed to respond to VA's efforts to assist him in developing his claim. Thus, it must be determined that all relevant evidence necessary for an equitable resolution of the issue on appeal has been identified and obtained, to the extent possible. The evidence of record includes VA medical records, an adequate VA examination and statements and from the Veteran and his representative. 

Accordingly, the Board finds that no prejudice to the Veteran will result from the adjudication of his claims in this Board decision. Rather, remanding this case to the RO for further VCAA development would be an essentially redundant exercise and would result only in additional delay with no benefit to the Veteran. See Bernard v. Brown, 4 Vet. App. 384, 394 (1993); see also Sabonis v. Brown, 6 Vet. App. 426, 430 (1994). 

There is no indication there exists any additional evidence that has a bearing on this case that has not been obtained and that is obtainable. The Veteran has been accorded ample opportunity to present evidence and argument in support of this appeal. All pertinent due process requirements have been met. See 38 C.F.R. § 3.103 (2014).

Analysis

After reviewing the relevant evidence, the Board finds that a TDIU is not warranted. See 38 C.F.R. § 4.16 (a), (b).

Total disability ratings are authorized for any disability or combination of disabilities, provided the schedular rating is less than total, when the disabled person is unable to secure and maintain substantially gainful employment because of the severity of his service-connected disabilities. If there is only one such disability, it must be rated as at least 60 percent disabling. Whereas, if there are two or more disabilities, at least one must be rated as at least 40 percent disabling and there must be sufficient additional service-connected disability to bring the combined rating to at least 70 percent. 38 C.F.R. §§ 4.15, 4.16(a). Disabilities resulting from common etiology or single accident or affecting both upper and lower extremities are considered as one collective disability for the purpose of determining whether these threshold minimum rating requirements are met.

However, where the percentage requirements set forth above are not met, entitlement to the benefit on an extraschedular basis may be considered when the Veteran is unable to secure and follow a substantially gainful occupation by reason of service-connected disabilities, and consideration is given to the Veteran's background including his employment and educational history. Therefore, rating boards should submit to the Director, Compensation and Pension Service, for extra-schedular consideration all cases of Veterans, who are unemployable due to service-connected disability, but who fail to meet the percentage standards set forth in paragraph (a) of this section. 38 C.F.R. § 4.16(b) .

The Veteran is service-connected for PTSD, rated as 70 percent disabling; tinnitus, rated as 10 percent disabling; and gastroesophageal reflux disease (GERD), rated as 10 percent disabling. The Veteran has had a combined 80 percent rating effective since November 12, 2009; a combined 70 percent rating, effective since September 20, 2009; and a combined 60 percent rating effective since April 21, 2008. See 38 C.F.R. § 4.25 (VA's Combined Ratings Table). From April 21, 2008, to September 19, 2009, the Veteran did not meet the criteria for a schedular TDIU rating as the evidence fails to establish the threshold minimum rating requirements of § 4.16(a). Further, during this time period he did not meet the requirements for referral for an extraschedular TDIU rating as the record failed to establish that he was unable to secure and follow a substantially gainful occupation by reason of his service-connected disabilities. As of September 20, 2009, the Veteran did meet the threshold minimum rating requirements of § 4.16(a) for consideration of a TDIU without having to resort to the special extra-schedular provisions of § 4.16(b). 

The Board observes that the RO invited the Veteran to submit a VA Form 21-8940, Veteran's Application for Increased Compensation Based on Unemployability but he failed to respond. He has provided little information regarding his employment history or showing his service-connected disabilities prevent him from obtaining or maintaining gainful employment. Likewise, the medical evidence of record demonstrates that the Veteran's service-connected PTSD, tinnitus and GERD, either separately or taken together, do not prevent him from obtaining and retaining substantially gainful employment during the entire appeal period. 

In a September 2014 VA examination of the Veteran's PTSD, he reported he was fired in December for non-performance from a job in the construction industry, which he held for about eight years. He reported having major arguments with a new boss but realized in retrospect that these arguments were fruitless, irrelevant and non-productive. The Veteran stated that he had been looking for a new job all year, but found it difficult to maintain his concentration. He was currently performing consultation work with a man who understood PTSD symptoms but reported there was no hope for real employment, although no more specific information regarding this consultation work was provided. The examiner found that the Veteran was functionally impaired as it related to PTSD with his impairments including: understanding and following complex instructions; dealing with peers, supervisors and the public in a reasonable manner; setting a good pace; setting good persistence over an eight hour day and 40 hour workweek; solving problems on the job; being emotionally stable over an eight hour day; difficulty responding to change; difficulty handling negative feedback; difficulty handling time pressures and multiple tasks; a lack of stamina; an inability to concentrate; and the inability to screen out environmental stimuli. In discussing his functional impairments, the Veteran contended that his unemployability in the open market was due to the residual and increasing symptoms related to his PTSD, however, he agreed that he could and preferred to find work, but for the moment he believed his employability was in a very restricted market where fellow workers could help him compensate for his symptoms of PTSD and in which he felt comfortable around similar workers because of a similar history. The examiner stated he could find no objective examinations to support or refute the Veteran's contention that his impairment was due to the effects of a mental disorder. 

Therefore, the Board finds that, during the entire appeal period, there is no probative evidence that the Veteran's service-connected conditions have prevented him from securing and following substantially gainful occupation. Although it is clear that his ability to work is impacted by service-connected disabilities, as noted by the August 2014 VA examiner, such impairment is duly compensated by the assigned disability ratings. There is no evidence of total impairment or unemployability. The August 2014 VA examiner indicated that he could find no objective evidence to support the Veteran's contention that he was unemployable due to his service-connected disability. There is no other probative evidence that is supportive of the Veteran's claim. Based on the foregoing, the Board finds that a TDIU is not warranted in this case and a referral of the matter of entitlement to a TDIU for the period prior to September 20, 2009 to the Under Secretary for Health or to the Director of the Compensation and Pension Service is not required.



ORDER

A TDIU is denied. 



____________________________________________
K. PARAKKAL
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs