Citation Nr: 1522690 
Decision Date: 05/29/15 Archive Date: 06/11/15

DOCKET NO. 10-42 302 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Cleveland, Ohio


THE ISSUES

1. Entitlement to service connection for tinnitus.

2. Entitlement to service connection for left ankle instability.


REPRESENTATION

Appellant represented by: The American Legion


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

C. Jones, Associate Counsel
INTRODUCTION

The Veteran had active military service from November 1966 to August 1969.

This case comes before the Board of Veterans' Appeals (Board) on appeal from a November 2009 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Seattle, Washington, which, in pertinent part, denied service connection for tinnitus and left ankle instability. Subsequent to the rating decision, jurisdiction was transferred to the RO in Cleveland, Ohio.

The Veteran testified before a VA Decision Review Officer (DRO) at a March 2011 hearing conducted at the RO. A transcript of the hearing is of record.

The issue of entitlement to service connection for left ankle instability is addressed in the REMAND portion of the decision below and is REMANDED to the Agency of Original Jurisdiction (AOJ).


FINDING OF FACT

Resolving all doubt in favor of the Veteran, tinnitus had its onset during military service.


CONCLUSION OF LAW

The criteria for service connection for tinnitus have been met. 38 U.S.C.A. §§ 1101, 1110 (West 2002); 38 C.F.R. § 3.303 (2014).






REASONS AND BASES FOR FINDING AND CONCLUSION

Duty to Notify and Assist

The Veteran's claim of service connection for tinnitus has been granted, as discussed below. As such, the Board finds that any error related to the VCAA is moot. See 38 U.S.C.A. §§ 5103, 5103A (West 2002 & Supp. 2013); 38 C.F.R. § 3.159 (2014); Mayfield v. Nicholson, 19 Vet. App. 103, (2005), rev'd on other grounds, Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006).

Legal Criteria

Service connection will be granted if the evidence demonstrates that a current disability resulted from an injury or disease incurred in or aggravated by active military service. 38 U.S.C.A. §§ 1110, 1131; 38 C.F.R. § 3.303(a). 

Establishing service connection generally requires competent evidence of (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a nexus between the claimed in-service disease or injury and the present disability. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004); 38 C.F.R. § 3.303.

Where the veteran asserts entitlement to a chronic disease but there is insufficient evidence of a diagnosis in service, service connection may be established under 38 C.F.R. § 3.303(b) by demonstrating a continuity of symptomatology since service, but only if the chronic disease is listed under 38 C.F.R. § 3.309(a). Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013). In this regard, it is appropriate to consider tinnitus as an organic disease of the nervous system and, therefore, subject to presumptive service connection. 

In adjudicating these claims, the Board must assess the competence and credibility of the Veteran. Washington v. Nicholson, 19 Vet. App. 362 (2005). Lay testimony is competent to establish the presence of observable symptomatology and "may provide sufficient support for a claim of service connection." Layno v. Brown, 6 Vet. App. 465, 469 (1994); see also Falzone v. Brown, 8 Vet. App. 398, 405 (1995) (lay person competent to testify to pain and visible flatness of his feet).

Once evidence is determined to be competent, the Board must determine whether it is also credible. See Layno v. Brown, 6 Vet. App. 465, 469 (1994) (distinguishing between competency ("a legal concept determining whether testimony may be heard and considered") and credibility ("a factual determination going to the probative value of the evidence to be made after the evidence has been admitted").

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant. See 38 U.S.C.A. § 5107; 38 C.F.R. § 3.102; see also Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990).

Factual Background 

The Veteran asserts that tinnitus is due to acoustic trauma incurred while working as helicopter mechanic during service. 

The appellant's DD Form-214 confirms that his military occupation specialty (MOS) was a helicopter mechanic.

The service treatment records and examination reports are negative for any complaints, findings, or diagnosis of tinnitus. 

The Veteran was afforded a VA examination in October 2009. The examiner diagnosed tinnitus and determined that an etiological opinion could not be provided without resort to speculation. The examiner noted that the appellant's military specialty as a helicopter repairman would have put him at risk for noise caused tinnitus. The Veteran reported the he would experience tinnitus after exposure to loud helicopter noise, but it would subside after some hours. Additionally, he could not say if he recalled tinnitus in the early years after leaving service. It was reported that the appellant noticed tinnitus mostly in the last 5 to 10 years. The examiner opined that since the appellant's hearing was normal at discharge and there was no significant threshold shift in hearing, he could not make a connection to a physical cause for the Veteran's reported tinnitus. He further noted that given the significant decrease in hearing acuity, it was apparent that there were other causes for his high frequency hearing loss, which may have also resulted in the current tinnitus, i.e., idiopathic causes and possibly occupational noise exposure. 

In the appellant's December 2009 notice of disagreement, he reported that he was exposed to high noise levels during service. He also stated that he had suffered from tinnitus since leaving military service, but never reported it because he was unaware of the VA compensation process and didn't know that anything could be done about the condition.

In a buddy statement received in March 2011, it was noted that the Veteran was a helicopter maintenance team lead while stationed in Vietnam. His duties included supervising and overseeing helicopter maintenance. It was noted that when performing these duties, the appellant was not issued hearing protection.

During the March 2011 DRO hearing, the Veteran stated that he experienced ringing in his ears during service. He further reported that hearing protection was not provided during service in Vietnam. Lastly, he stated that when he returned to his civilian occupation following military service he reported ringing in his ears at the employment physical. 

Analysis

In considering the evidence of record under the laws and regulations concerning service connection, the Board concludes that the Veteran is entitled to service connection for tinnitus. 

As previously discussed, the Veteran's MOS was helicopter mechanic, a position consistent with noise exposure. Accordingly, in-service noise exposure is established. 38 U.S.C.A. § 1154(a).

Having conceded in-service noise exposure, the question for consideration is whether the Veteran's tinnitus is related to such in-service exposure.

In the instant case, the VA examiner indicated that he was unable to provide an etiological opinion without resort to speculation. The Board again observes that service connection may be established upon a showing of continuity of symptomatology in the case of a chronic disease. See 38 C.F.R. § 3.303(b); Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013). Furthermore, tinnitus is the type of disorder associated with symptoms capable of lay observation. See Charles v. Principi, 16 Vet. App. 370 (2002). The Board is within its province to weigh that testimony and to make a credibility determination as to whether that evidence supports a finding of service incurrence and continuity of symptomatology sufficient to establish service connection. See Barr v. Nicholson, 21 Vet. App. 303 (2007). The Veteran is competent to report that he has tinnitus, and has indicated that he has suffered from tinnitus since military service. The Board finds the Veteran's statements regarding the onset of tinnitus credible. Again, for chronic diseases under 38 C.F.R. § 3.309(a), service connection may be awarded solely based on evidence of continuity of symptomatology.

Thus, accepting his lay statements, and resolving reasonable doubt in his favor, service connection is warranted for tinnitus. 38 U.S.C.A. § 5107(b).


ORDER

Service connection for tinnitus is granted.


REMAND

The Veteran asserts that his left ankle disability is due to an in-service injury.
He was afforded a VA examination in October 2009. The examiner diagnosed left ankle arthritis with instability. However, he determined that an etiological opinion could not be provided without resort to speculation as the records were not available for review. In light of the foregoing, an additional VA examination should be provided on remand.

Accordingly, the case is REMANDED for the following action:

1. Schedule the Veteran for an orthopedic examination to determine the etiology of his left ankle disability. The claims file, including this remand, must be reviewed by the examiner and such review should be noted in the examination report.

The examiner should identify all left ankle disabilities. Thereafter, the examiner should provide an opinion as to whether it is at least as likely as not (a 50 percent or greater probability) that any diagnosed left ankle disability is related to military service. 

The examiner must provide a rationale for any opinion given. If the examiner is unable to provide an opinion without resort to speculation, he or she should explain why this is so and what, if any, additional evidence would be necessary before an opinion could be rendered.

The examiner is advised that the Veteran is competent to report his symptoms and history, and such reports must be specifically acknowledged and considered in formulating any opinions. The examiner should consider the Veteran's statements about self-treating his left ankle disability since service. 

2. If the benefit on appeal remains denied, the AOJ should issue a supplemental statement of the case. Thereafter, the case should be returned to the Board, if in order.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




______________________________________________
ERIC S. LEBOFF
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs