http://www.va.gov/vetapp16/Files3/1626419.txt

Citation Nr: 1626419 
Decision Date: 06/30/16 Archive Date: 07/11/16

DOCKET NO. 13-32 810 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in White River Junction, Vermont

THE ISSUE

Entitlement to special monthly compensation (SMC) based on the need for aid and attendance.

(The issues of the validity of indebtedness in the amount of $31,274, entitlement to a waiver of an overpayment in the amount of $31.274, and whether the recoupment of an overpayment in the amount of $31,274 was proper, are the subject of a separate Board decision).

REPRESENTATION

Appellant represented by: Disabled American Veterans

WITNESS AT HEARING ON APPEAL

The Veteran

ATTORNEY FOR THE BOARD

J. Juliano, Associate Counsel

INTRODUCTION

The Veteran served on active duty in the U.S. Air Force from October 1965 to February 1970.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a September 2011 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in St. Petersburg, Florida. Jurisdiction was subsequently transferred to the RO in White River Junction, Vermont.

In December 2015, the Veteran testified before the undersigned Veterans Law Judge at a videoconference Board hearing at the RO in White River Junction, Vermont. A transcript of the proceeding has been associated with the claims file.

This appeal was processed using the VBMS paperless claims processing system. Accordingly, any future consideration of this appellant's case should take into consideration the existence of this electronic record.

FINDING OF FACT

1. The Veteran is service-connected for posttraumatic stress disorder (PTSD) (70 percent from May 6, 2007), coronary artery disease (60 percent from October 19, 2010), and bilateral hearing loss (noncompensable); with a combined rating of 90 percent from October 19, 2010, and with an award of SMC at the housebound rate from October 19, 2010.

2. The Veteran is not shown to have the anatomical loss or loss of use of both feet, or of one hand and one foot, or to be blind in both eyes, with 5/200 visual acuity or less, or to be permanently bedridden as a result of service-connect disability, or to otherwise be so helpless as to be in need of regular aid and attendance as a result of service-connected disability.

CONCLUSION OF LAW

The criteria for an award of SMC based on the need for aid and attendance are not met. 38 U.S.C.A. §§ 1114(l), 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.350, 3.351, 3.352, 4.3 (2015).

REASONS AND BASES FOR FINDINGS AND CONCLUSION

I. Veterans Claims Assistance Act of 2000 (VCAA)

VA has a duty to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a) (2015).

VA should notify the Veteran of: (1) the evidence that is needed to substantiate the claim(s); (2) the evidence, if any, to be obtained by VA; and (3) the evidence, if any, to be provided by the claimant. Pelegrini v. Principi, 18 Vet. App. 112 (2004); see also Notice and Assistance Requirements and Technical Correction, 73 Fed. Reg. 23,353 (Apr. 30, 2008) (codified at 38 C.F.R. Part 3).

The Board finds that a June 2011 VCAA letter fully satisfied the duty to notify provisions. See 38 U.S.C.A. § 5103(a); 38 C.F.R. § 3.159(b)(1) (2015). The letter informed the Veteran of what information or evidence was needed to support his SMC claim, what types of evidence the Veteran should submit to VA, and which evidence VA would obtain. The notice letter also explained how VA assigns disability ratings and effective dates. See Dingess v. Nicholson, 19 Vet. App. 473 (2006).

The Board also finds that VA's duty to assist has been satisfied. See 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159(c) (2015). All of the Veteran's VA treatment records and private treatment records are in the claims file. The Veteran has not identified any outstanding records for VA to obtain. The Board finds that the record contains sufficient evidence to make a decision on the claim. 

The duty to assist generally includes the duty to provide a VA examination when necessary to make a decision on a claim. See 38 C.F.R. § 3.159(a) (2015). The Veteran was afforded a VA examination relating to his claim in May 2011, August 2011, and July 2013. The VA examiners reviewed the claims file, examined the Veteran, and provided adequate rationales for their conclusions. The Board finds the VA examination reports are adequate upon which to base a decision on the claim.

As there is no indication that any failure on the part of VA to provide additional notice or assistance reasonably affects the outcome of this case, the Board finds that any such failure is harmless. See Mayfield v. Nicholson, 19 Vet. App. 103 (2005), reversed on other grounds, Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006).

II. Analysis

The Veteran claims entitlement to SMC based on the need for regular aid and attendance. 

The Veteran is presently service-connected for PTSD (70 percent from May 6, 2007), coronary artery disease (60 percent from October 19, 2010), and bilateral hearing loss (noncompensable); with a combined rating of 90 percent from October 19, 2010. He is also in receipt of SMC at the housebound rate, which is generally provided for a veteran who has a single permanent disability rated 100 percent disabling and who either (a) has additional service-connected disability or disabilities independently rated at 60 percent, or (b) is permanently housebound by reason of service-connected disability or disabilities. See 38 U.S.C.A. § 1114(s) (West 2014); 38 C.F.R. § 3.350(i) (2015).

Special monthly compensation (SMC) at the higher aid and attendance rate is payable when a veteran, due to service-connected disability, has the anatomical loss or loss of use of both feet, or of one hand and one foot, or is blind in both eyes, with 5/200 visual acuity or less, or is permanently bedridden or has such significant disabilities as to be in need of regular aid and attendance. 38 C.F.R. § 1114(i); 38 C.F.R. § 3.350(b), 3.352(a).

The following criteria will be considered in determining the need for regular aid and attendance: inability of a claimant to dress or undress himself, or to keep himself ordinarily clean and presentable; frequent need of adjustment of any special prosthetic or orthopedic appliances which by reason of the particular disability cannot be done without aid; inability to feed himself through the loss of coordination of upper extremities or through extreme weakness; inability to attend to the wants of nature; or incapacity, physical or mental, which requires care or assistance on a regular basis to protect him from hazards or dangers incident to his daily environment. 38 C.F.R. §§ 3.350(b)(3) and (4), 3.352(a) (2015). 

It is only necessary that the evidence establish that the Veteran is so helpless as to need regular aid and attendance due to service-connected disability, not that there be a constant need. See 38 C.F.R. § 3.352(a); Prejean v. West, 13 Vet. App. 444 (2000).

Determinations that a veteran is so helpless, as to be in need of regular aid and attendance, will not be based solely upon an opinion that the veteran's condition is such as would require him to be in bed. Such determinations will be based on the actual requirement of personal assistance from others. 38 C.F.R. § 3.352(a).

The Veteran was afforded VA examinations relating to his claim for SMC in May 2011, August 2011, and July 2013.

The May 2011 VA examination report reflects that the examiner noted that the Veteran is not confined to bed. Regarding the question as to which conditions restrict his activities, the examiner noted the Veteran's history of a cerebrovascular accident (CVA) with residuals left-sided weakness and poor balance. The examiner noted that the Veteran is able to feed himself, he is not legally blind, does not require nursing home care, does not require medication management, and has the ability to manage his financial affairs. However, the examiner noted that due to the Veteran's residual left-sided weakness, he requires assistance with bathing himself, and that he is not able to prepare his own meals, and it was noted that he could leave his home as needed with assistance, and that he requires an aid for locomotion of a distance of 1 block. It was also noted that he presented in a wheelchair. The examiner also acknowledged in her report that the Veteran had diagnosed glaucoma, carotid artery stenosis, a history of three myocardial infarctions with stent placement, seizures, sleep apnea, and degenerative joint disease.

The August 2011 VA examination report reflects the examiner noted that the Veteran is not permanently bedridden or hospitalized, and that he is able to travel beyond his home. The Veteran reported that his daughter-in-law is a certified nurse assistant living with the Veteran fulltime for approximately one year and was helping with his finances, cooking, bathing, laundry and housekeeping, reminding him to take his medications, driving him because he reported he is unable to drive due to seizures, and he reported she watches for seizures and chest pain episodes. It was noted that the Veteran used a cane or wheelchair. It was noted that he experiences dizziness more than once per day that affects his ability to ambulate, and that the self-care activities that he is unable to perform include bathing. The examiner noted that the Veteran can walk 200 yards without the assistance of another person, that he does not require an aid for ambulation, and that he can leave the home unrestricted. It was noted that his best corrected vision was not 5/200 or worse in both eyes. It was noted that he has normal function in his upper and lower extremities. It was noted that the Veteran handles his bills and is capable of handling his financial affairs, albeit the examiner noted that the Veteran's daughter-in-law was helping as a co-signor. The examiner also noted that the Veteran had several diagnosed conditions, including coronary artery disease status post stent placement, a CVA, sleep apnea, glaucoma and cataracts, carotid artery stenosis, a history of a myocardial infarction, seizures, and PTSD and a mood disorder.

The July 2013 VA examination report reflects the VA examiner noted that the Veteran is not confined to a bed. Regarding the question as to which conditions restrict his activities, the examiner noted the Veteran's instability and falls. The examiner noted that the Veteran is not able to prepare his own meals and needs assistance bathing due to falls, and that he requires assistance to take his medications and pay his bills because he forgets or fails to do so. It was noted that the Veteran requires assistance walking due to becoming dizzy and falls. It was noted that the Veteran is only able to leave the home with assistance because he is unable to drive due to vertigo and dizziness. It was noted that the Veteran uses a cane for assistance, and that he can only walk 10 yards without assistance. It was also noted that the Veteran needs assistance dressing due to his vertigo, and assistance with preparing meals due to his forgetfulness. 

At the Board hearing, the Veteran testified that he essentially needs assistance with activities of daily living due to his right knee condition that was recently repaired, a left knee condition, a disc condition in his back, an abdomen injury, vertigo, and chronic obstructive pulmonary disease. The Board notes, however, that unfortunately, none of these conditions are service-connected.

The Board also acknowledges an October 2010 VA examination relating to the Veteran's service-connected coronary artery disease, which reflects he should not engage in strenuous activity that could lead to angina.

The Board has reviewed all of the VA and private treatment records in the claims file. None of these records, however, indicate that the Veteran is permanently bedridden, or is otherwise so helpless as to be in need of regular aid and attendance due to his service-connected coronary artery disease, PTSD, or bilateral hearing loss. They do, however, show, for example, that in July 2011 and August 2011, the Veteran completed 60 minutes of exercise as part of the MOVE weight loss program.

As shown above, while the VA examiners noted that the Veteran requires assistance with certain activities of daily living, none of the examiners found the Veteran to require assistance with daily activities due to any service-connected disability, and none noted the Veteran as having the anatomical loss or loss of use of both feet, or of one hand and one foot, or being blind in both eyes with 5/200 visual acuity or less, or being permanently bedridden due to service-connected disability. Likewise, the Board notes that none of the other medical evidence of record shows the Veteran to be such due to service-connected disability. Again, the Board notes that the Veteran is presently service-connected for coronary artery disease, PTSD, and bilateral hearing loss, and not for his history of a CVA with residual left-sided weakness or for vertigo. Therefore, the Board finds that the preponderance of the evidence is against finding that the Veteran is in need of regular aid and attendance due to service-connected disability. 

In summary, the Board concludes that the preponderance of the most probative evidence of record is against awarding SMC based on the need for aid and attendance, and the claim must be denied. As the preponderance of the evidence is against this claim, the benefit of the doubt doctrine is not for application.

ORDER

Entitlement to special monthly compensation (SMC) based on the need for aid and attendance is denied.

____________________________________________
BETHANY L. BUCK
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs