Citation Nr: 1629301 
Decision Date: 07/22/16 Archive Date: 08/01/16

DOCKET NO. 13-03 461A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs (VA) Regional Office (RO)
in Detroit, Michigan


THE ISSUES

1. Entitlement to service connection for tinnitus.

2. Entitlement to service connection for weight problems.

3. Entitlement to service connection for diabetes mellitus, type II (diabetes).

4. Entitlement to service connection for sleep apnea. 

5. Entitlement to service connection for an acquired psychiatric disability.


REPRESENTATION

Veteran represented by: The American Legion



WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

J.A. Flynn, Counsel


INTRODUCTION

The Veteran served on active duty from July 1988 to July 1991.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a July 2011 rating decision of the VA RO.

Although, as in the instant case, a veteran's stated claim may only seek service connection for a specific psychiatric condition, such a claim "cannot be a claim limited only to that diagnosis, but must rather be considered a claim for any mental disability that may be reasonably encompassed." Clemons v. Shinseki, 23 Vet. App. 1, 5 (2009). Pursuant to the Court's decision in Clemons, the issue for consideration on remand should not be strictly limited to any one psychiatric condition such as panic attacks, but it should instead encompass this and any other acquired psychiatric diagnosis shown. The issue on appeal has been recharacterized accordingly.

In May 2016, the Veteran filed an application for vocational rehabilitation. It does not appear that this matter has been adjudicated by the Agency of Original Jurisdiction (AOJ). Therefore, the Board does not have jurisdiction over this issue, and it is referred to the AOJ for appropriate action. 38 C.F.R. § 19.9(b) (2015).

The issues of entitlement to service connection for weight problems, diabetes, sleep apnea, and an acquired psychiatric disability are addressed in the REMAND portion of the decision below and are REMANDED to the AOJ.


FINDING OF FACT

The weight of the competent evidence of record is at least in equipoise as to whether the Veteran has tinnitus as a result of his active military service.


CONCLUSION OF LAW

Resolving reasonable doubt in the Veteran's favor, service connection for tinnitus is warranted. 38 U.S.C.A. §§ 1110, 1131 (West 2014); 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.311 (2015).


REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran's claim of entitlement to service connection for tinnitus is granted. As such, the Board finds that any error related to the Veterans Claims Assistance Act of 2000 (VCAA) is moot. 38 U.S.C.A. §§ 5103, 5103A (West 2014); 38 C.F.R. § 3.159 (2015); Kent v. Nicholson, 20 Vet. App. 1 (2006); Mayfield v. Nicholson, 19 Vet. App. 103, (2005), rev'd on other grounds, Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006).

Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by active military, naval, or air service. 38 U.S.C.A. §§ 1110, 1131 (West 2014); 38 C.F.R. § 3.303(a) (2015). In order to establish service connection for the Veteran's claimed disabilities, there must be evidence of (1) a current disability; (2) in service incurrence or aggravation of a disease or injury; and (3) a nexus between the claimed in service disease or injury and the current disability. Hickson v. West, 12 Vet. App. 247, 253 (1999). Tinnitus is a chronic disease, and service connection may be established based on a continuity of symptomatology. 38 C.F.R. § 3.309(a); Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013). 

As a "subjective" ailment, the existence of tinnitus is generally determined by whether or not the veteran claims to experience it. Charles v. Principi, 16 Vet. App. 370 (2002). The Veteran has complained that he experiences intermittent tinnitus. Accordingly, the Board finds that a current tinnitus disability exists. Regarding an in-service disease or injury, the Veteran has credibly asserted that he experienced loud noises in service, such as the sound of cannon fire. The record thus shows both the presence of a current disability and military noise exposure.

With regard to a connection between the Veteran's current disability and his military service, the Board finds that the credible statements from the Veteran, particularly the testimony that he offered during his May 2016 hearing, present a continuity of symptomatology from his military service to the present. This continuity of symptomatology serves as the necessary nexus between the Veteran's tinnitus and his active duty service. Service connection is accordingly granted. 

In making this finding, the Board acknowledges that the November 2010 examiner concluded that the Veteran's tinnitus was unrelated to his active duty service. The Board places relatively less weight on this conclusion because the Board finds the Veteran to be competent and credible to report on the duration of his symptoms. The credible report of the duration of symptoms alone may form the necessary nexus for service connection. The examiner did not adequately explain why the Veteran's credible account of his symptoms was insufficient to establish a connection between his tinnitus and service. 


ORDER

Service connection for tinnitus is granted.


REMAND

The Veteran's claims of entitlement to service connection for weight problems, diabetes, sleep apnea, and an acquired psychiatric disability must be remanded for further development.

The Veteran indicated during his May 2016 hearing before the undersigned that he received medical care from the VA Medical Centers (VAMCs) in Battle Creek and Grand Rapids. The existing record does not contain this medical evidence, and all pertinent medical records should be associated with the Veteran's file. 

Furthermore, the Veteran has not been afforded with examinations addressing his claimed disabilities, and he should be provided with examinations on remand.

Accordingly, the case is REMANDED for the following actions:

1. Associate with the Veteran's claims file all pertinent medical treatment records from the Battle Creek and Grand Rapids VAMCs. 

2. Then, schedule the Veteran for VA examinations to determine the nature and etiology of his claimed disabilities. After an examination of the Veteran, describing the nature of his disabilities, and review of the Veteran's claims file, the examiners should:

a) Explain whether the Veteran's weight problems should be considered a "disability", as opposed, for example, to a symptom of a disability? Why or why not?

b) If the Veteran's weight problems constitute a disability, address whether it is at least as likely as not (that is, a 50 percent probability or greater) that the Veteran's obesity: i) began during or was otherwise caused by his military service, ii) was caused by a service-connected disability, or iii) was aggravated (that is, permanently increased in severity beyond the natural progress of the disorder) by a service-connected disability, such as his bilateral knee disabilities.

c) Address whether it is at least as likely as not (that is, a 50 percent probability or greater) that the Veteran's diabetes: i) was caused by a service-connected disability (to include weight problems, if such problems are found both to be a disability and related to service or a service-connected disability), or ii) was aggravated (that is, permanently increased in severity beyond the natural progress of the disorder) by a service-connected disability.

d) Address whether it is at least as likely as not (that is, a 50 percent probability or greater) that the Veteran's sleep apnea: i) began during or was otherwise caused by his military service, ii) was caused by a service-connected disability (to include weight problems, if such problems are found both to be a disability and related to service or a service-connected disability), or iii) was aggravated (that is, permanently increased in severity beyond the natural progress of the disorder) by a service-connected disability.

In so doing, the examiner should consider the April 2016 statement from the Veteran's ex-wife regarding symptoms she observed while he was in service.

e) Determine whether the Veteran has a current acquired psychiatric disability, and if so, whether it is at least as likely as not (that is, a 50 percent probability or greater) that the Veteran's acquired psychiatric disability: i) began during or was otherwise caused by his military service, ii) was caused by a service-connected disability (to include weight problems, if such problems are found both to be a disability and related to service or a service-connected disability), or iii) was aggravated (that is, permanently increased in severity beyond the natural progress of the disorder) by a service-connected disability.

Of note, the Veteran testified at a Board hearing that he had been on anti-anxiety medication since 2003.

3. Then, after ensuring any other necessary development has been completed, readjudicate the Veteran's claims. If any action remains adverse to the Veteran, provide the Veteran and his representative with a supplemental statement of the case, allow an appropriate opportunity to respond, and thereafter return the case to the Board.

The Veteran has the right to submit additional evidence and argument on the matters that the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

______________________________________________
MATTHEW W. BLACKWELDER
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs