http://www.va.gov/vetapp16/Files6/1644962.txt

Citation Nr: 1644962 
Decision Date: 11/30/16 Archive Date: 12/09/16

DOCKET NO. 13-09 673 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Medical and Regional Office Center in Wichita, Kansas

THE ISSUES

1. Entitlement to service connection for chloracne, to include as due to herbicide exposure.

2. Entitlement to service connection for a right wrist disability. 

REPRESENTATION

Veteran represented by: The American Legion

WITNESS AT HEARING ON APPEAL

Veteran

ATTORNEY FOR THE BOARD

M. Moore, Counsel

INTRODUCTION

The Veteran served on active duty in the U.S. Air Force from July 1967 to January 1971 with service in the Republic of Vietnam.

These matters come before the Board of Veterans' Appeals (Board) on appeal from July 2011 and July 2013 rating decisions of the Department of Veterans Affairs (VA) Regional Office (RO) in Wichita, Kansas. The Board reopened and remanded the claims in December 2015.

In September 2015, the Veteran presented sworn testimony during a video conference hearing in Wichita, Kansas, which was chaired by the undersigned. A transcript of the hearing has been associated with the claims file.

The issue of entitlement to service connection for a right wrist disability is addressed in the REMAND portion of the decision below and is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action on his part is required.

FINDINGS OF FACT

1. The Veteran is presumed to have been exposed to an herbicide while serving in the Republic of Vietnam.

2. The competent evidence establishes a current diagnosis of scarring from chloracne or other similar acneform disease.

CONCLUSION OF LAW

Residuals of chloracne or other similar acneform disease, including scarring, is presumed to have been incurred in service. 38 U.S.C.A. §§ 1110, 1116 (West 2014); 38 C.F.R. §§ 3.102, 3.303, 3.304, 3.307, 3.309 (2015).

REASONS AND BASES FOR FINDINGS AND CONCLUSION

As the Veteran's claim is granted herein, any error related to the VA's duty to notify and assist is moot. 38 U.S.C.A. §§ 5103, 5103A (West 2014); 38 C.F.R. § 3.159 (2015); Mayfield v. Nicholson, 19 Vet. App. 103, (2005), rev'd on other grounds, Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006). 

The Veteran claims that he developed chloracne or an acneform disease consistent with chloracne while serving in the Republic of Vietnam. His personnel records establish that he served in the Republic of Vietnam between 1969 and 1970 and is, therefore, presumed to have been exposed to herbicide agents. 38 C.F.R. § 3.307(a)(6) (2015). Chloracne and other acneform diseases consistent with chloracne are presumptively service connected for veterans exposed to herbicide agents in Vietnam. 38 C.F.R. § 3.309(e) (2015). Therefore, the remaining question before the Board is whether the Veteran has a diagnosis of chloracne or another similar acneform disease.

VA treatment records show treatment for acne and acne scarring. A single VA treatment record dated in December 2015 diagnoses the Veteran with chloracne. Other VA treatment records diagnose the Veteran with acne vulgaris, rather than chloracne. The Veteran has also submitted a letter from his private dermatologist noting that although he does not have current chloracne, his facial acne scarring may have been from chloracne.

The Board remanded the claim in December 2015 to determine whether the Veteran had a current diagnosis of chloracne or residuals thereof. The March 2016 examiner concluded that the Veteran did not have chloracne, but failed to address the private dermatologist's letter or to rebut the December 2015 VA diagnosis of chloracne. The opinion is inadequate and does not comply fully with the Board's remand directives.

The Board notes that this claim could be remanded yet again for a sufficient addendum opinion. However, as the private dermatologist's letter arguable establishes a diagnosis of residuals of chloracne or a similar acneform disease, and there is not an opinion of record that is adequate to rebut this, the Board finds that the evidence is, at minimum, in equipoise regarding the question of whether the Veteran's current acne scarring is a residual of chloracne presumptively related to inservice herbicide exposure. 38 U.S.C.A. § 1110 (West 2014); 38 C.F.R. § 3.303 (2015). The benefit-of-the-doubt will be conferred in the Veteran's favor and his claim for service connection for chloracne, including residual scarring, is granted. 38 U.S.C.A. § 5107(b) (West 2014); 38 C.F.R. § 3.102 (2015); Gilbert v. Derwinski, 1 Vet. App. 49, 53-56 (1990).

ORDER

Entitlement to service connection for chloracne is granted.

REMAND

The Veteran was afforded a VA examination to address the etiology of his right wrist disability in December 2012. The examiner diagnosed the Veteran with arthritis of the right wrist and provided a negative nexus opinion. However, the examiner failed to address the Veteran's contentions of continuous right wrist pain since service. See Board hearing transcript, p. 4. This claim must be remanded for an addendum opinion. See Barr v. Nicholson, 21 Vet. App. 303, 311 (2007) (affirming that a medical opinion is adequate if it provides sufficient detail so that the Board can perform a fully informed evaluation of the claim); see also 38 C.F.R. § 3.309(a) (2015); Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013). 

Accordingly, the case is REMANDED for the following actions:

1. The claims file should be returned to the December 2012 examiner, if possible, for an addendum opinion. If the December 2012 examiner is unavailable, the claims file should be provided to another appropriate examiner. The opinion must reflect that the claims file was reviewed. 

The examiner should opine on whether it is at least as likely as not that the Veteran's right wrist arthritis is the result of military service. The examiner must specifically address the Veteran's contentions of continuous right wrist pain since service and his military occupational specialty doing masonry.

A rationale for all requested opinions shall be provided. If the examiner cannot provide an opinion without resorting to mere speculation, they shall provide a complete explanation stating why this is so. In so doing, the examiner shall explain whether the inability to provide a more definitive opinion is the result of a need for additional information or that he or she has exhausted the limits of current medical knowledge in providing an answer to that particular question(s).

2. After completing the above action, the Veteran's claim should be readjudicated. If the claims remains denied, a supplemental statement of the case should be provided to the Veteran and his representative. After they have had an adequate opportunity to respond, the case should be returned to the Board for further appellate review.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. See Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

______________________________________________
GAYLE E. STROMMEN
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs