Citation Nr: 1717649 
Decision Date: 05/22/17 Archive Date: 06/05/17

DOCKET NO. 16-15 265 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Buffalo, New York


THE ISSUE

Entitlement to a rating in excess of 20 percent for prostate cancer residuals.


REPRESENTATION

Appellant represented by: The American Legion


ATTORNEY FOR THE BOARD

S. Mountford, Associate Counsel







INTRODUCTION

The Veteran had active military service from February 1964 to February 1967.

This matter comes before the Board of Veterans' Appeals (Board) from the October 2015 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Buffalo, New York.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2016). 38 U.S.C.A. § 7107(a)(2) (West 2014).


FINDING OF FACT

1. The Veteran's prostate cancer residuals result in daytime urinary frequency no more than every 1 to 2 hours or awakening to void five or more times per night. 

2. The Veteran does not have leakage or incontinence which requires him to wear absorbent materials that must be changed two to four times per day and does not require the use of an appliance. 

3. The Veteran does not have a history of recurrent symptomatic urinary tract or kidney infections.


CONCLUSION OF LAW

The criteria for a rating in excess of 20 percent for prostate cancer residuals are not met. 38 U.S.C.A. §§ 1155, 5103, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.159, 4.1, 4.7, 4.115a, 4.115b, Diagnostic Code 7527 (2016).




REASONS AND BASES FOR FINDING AND CONCLUSION

I. VA's Duties to Notify and Assist

Pursuant to the Veterans Claims Assistance Act of 2000 (VCAA), VA has duties to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (West 2014); 38 C.F.R. §§ 3.159, 3.326 (2016); see also Pelegrini v. Principi, 18 Vet. App. 112 (2004); Quartuccio v. Principi, 16 Vet. App. 183 (2002); Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006); Dingess/Hartman v. Nicholson, 19 Vet. App. 473 (2006).

As for the duty to assist, the Veteran's service treatment records and VA medical treatment records have been obtained. 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159(c). The Veteran has not identified, and the record does not otherwise indicate, any additional relevant medical records that have not been obtained and associated with his file. 

A VA examination has been secured in connection with the current claim. The Veteran's examination is adequate; the VA examiner considered the entire record, noted the history of the disabilities, addressed relevant evidence, and provided the medical information necessary to reach a decision. VA's duty to assist with respect to obtaining a VA examination has therefore been met. 38 C.F.R. § 3.159(c)(4).

VA has substantially complied with the notice and assistance requirements and the Veteran is not prejudiced by a decision on his claim at this time.
 
II. Legal Criteria for Increased Ratings Generally

Disability ratings are determined by applying the criteria set forth in the VA Schedule for Rating Disabilities (Rating Schedule). 38 C.F.R. Part 4 (2016). The Rating Schedule is primarily a guide in the evaluation of disabilities resulting from all types of diseases and injuries encountered as a result of or incident to military service. The ratings are intended to compensate, as far as can practicably be determined, the average impairment of earning capacity resulting from such diseases and injuries and their residual conditions in civilian occupations. 38 U.S.C.A. § 1155; 38 C.F.R. § 4.1. The Board will consider entitlement to staged ratings to compensate for times since filing the claim when the disability may have been more severe than at other times during the course of the claim on appeal. Fenderson v. West, 12 Vet. App. 199 (1999).

VA should interpret reports of examination in light of the whole recorded history, reconciling the various reports into a consistent picture so that the current rating may accurately reflect the elements of disability. 38 C.F.R. § 4.2. Any reasonable doubt regarding the degree of disability shall be resolved in favor of the claimant. 38 C.F.R. § 4.3. Where there is a question as to which of two evaluations apply, the higher of the two should be assigned where the disability picture more nearly approximates the criteria for the next higher rating. 38 C.F.R. § 4.7. 
III. Legal Criteria for Prostate Cancer Residuals

The Veteran seeks an evaluation in excess of 20 percent for his service connected prostate cancer residuals. The Veteran's prostate cancer residuals is rated as 20 percent disabling under the provisions of 38 C.F.R. § 4.115(b), Diagnostic Code 7527, which provides the criteria for prostate gland injuries, infections, hypertrophy, and postoperative residuals of the prostate gland. Such disabling is to be rated under either voiding dysfunction or urinary tract infection, whichever is dominant. 38 C.F.R. § 4.115(b), Diagnostic Code 7527 (2016). 

Voiding dysfunction is rated as urine leakage, frequency, or obstructed voiding. A 20 percent rating is warranted when there is continual urine leakage, post-surgical urinary diversion, urinary incontinence, or stress incontinence, such that the Veteran is required to wear absorbent materials which must be changed less than two times per day. A 40 percent rating is warranted when the Veteran is required to wear absorbent materials that must be changed two to four times per day. A 60 percent disability rating is warranted with the use of an appliance or the wearing of absorbent materials that must be changed more than four times per day. 38 C.F.R. § 4.115(a).

With respect to urinary tract infections, a 10 percent rating is warranted when the infection requires long-term drug therapy with one to two hospitalizations per year and/or requiring intensive management. A 30 percent rating is warranted for recurrent symptomatic infection requiring drainage/frequent hospitalization (greater, than two times a year), and/or requiring continuous intensive management. Otherwise, rate as renal dysfunction. Id.

With regard to urinary frequency, a daytime voiding interval between two and three hours or awakening to void two times per night warrants a 10 percent rating. Daytime voiding interval between one and two hours or awakening to void three to four times per night warrants a 20 percent rating, and daytime voiding interval less than one hour, or awakening to void five or more times per night warrants a 40 percent rating. Finally, a rating of 30 percent is warranted for obstructed voiding resulting in urinary retention requiring intermittent or continuous catheterization. Id. 

IV. Analysis

The Veteran was diagnosed with prostate cancer in September 2012. The Veteran completed treatment in 2013 and is currently in remission. Private treatment records from S. D. Medical Group note that the Veteran reported urinary frequency one to two times per night and up to every half hour during the day. However, treatment records from 2015 deny incontinence, hesitancy, dysuria, and incomplete bladder emptying. During this period, the Veteran reported to awakening to urinate on average once per night and urinary frequency varied during the day. 

In January 2016, the Veteran underwent a VA prostate cancer examination. The examiner stated that the Veteran does have a voiding dysfunction due to an enlarged prostate. Although this dysfunction causes urine leakage, the examination report stated that the Veteran does not require the wearing of absorbent material or an appliance. Additionally, the report stated that the Veteran's voiding dysfunction causes increased urinary frequency resulting in daytime voiding intervals between 1 and 2 hours. The examiner noted that the Veteran does not have a history of recurrent symptomatic urinary tract or kidney infections. 

The Board finds that a 20 percent rating, and no higher, is warranted for the Veteran's prostate cancer residuals. A higher rating is not warranted as the evidence does not show that the Veteran has daytime voiding in intervals less than one hour or awakening to void five or more times per night. Additionally, there is no evidence that the Veteran has a urinary tract infection or requires the use of an appliance or the wearing of absorbent materials. Furthermore, the evidence of record does not demonstrate that the Veteran has any renal dysfunction to warrant a higher rating.

Thereby, entitlement to a rating in excess of 20 percent for prostate cancer residuals is not warranted.

V. Other Considerations

Additionally, the Board has considered the possibility of staged ratings under Fenderson, but concludes that the evidence of record does not establish additional, distinct time periods in which the issue on appeal resulted in symptoms that would warrant staged ratings. See Fenderson v. West, 12 Vet. App. 119 (1999). Although the Veteran's symptoms have fluctuated during the period on appeal, the evidence does not demonstrate separate, distinct time periods where the Veteran's symptoms would warrant a rating in excess of 20 percent.

Additionally, the Court has held that a claim for a total rating based on unemployability due to service-connected disabilities (TDIU), either expressly raised by a veteran or reasonably raised by the record, involves an attempt to obtain an appropriate rating for a disability and is part of the claim for an increased rating. Rice v. Shinseki, 22 Vet. App. 447 (2009). Here, the Veteran has not asserted that he is totally unemployable as the result of his service connected disabilities. Accordingly, the Board concludes that a claim for TDIU has not been raised.

Finally, the degrees of disability specified are considered adequate to compensate for considerable loss of working time from exacerbations or illnesses proportionate to the severity of the disability. See 38 C.F.R. § 4.1. The Board notes that in exceptional cases where evaluations provided by the Rating Schedule are found to be inadequate, an extraschedular evaluation may be assigned which is commensurate with the veteran's average earning capacity impairment due to the service connected disorder. 38 C.F.R. § 3.321(b). However, the Board believes that the regular schedular standards applied in the current case adequately describe and provide for the Veteran's prostate cancer residuals. 

The record does not reflect a disability picture that is so exceptional or unusual that the normal provisions of the Rating Schedule would not adequately compensate the Veteran. Hence, referral for consideration of an extraschedular rating is not warranted. 


ORDER

Entitlement to a rating in excess of 20 percent for prostate cancer residuals is denied.



____________________________________________
MICHAEL MARTIN
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs